SEABURY (SISSON v.).   See Case No. 12,913.

## Case No. 12,577.

### The SEA FLOWER.

[1 Blatchf. 361.] [1]

Circuit Court, S. D. New York.   Oct. Term, 1848.[2]

MARITIME LIEN—EXCLUSIVE CREDIT TO OWNERS.

1. A vessel was wrecked and abandoned to the underwriters.   They authorized an agent to draw on them for her repairs.   He did so, and A. advanced the money on the draft.   The underwriters sold the vessel, when repaired, to the insured, in satisfaction of their policy, and afterwards failed in business and did not pay the draft, which they had accepted.   A. having filed a libel in rem against the vessel to recover the advance, *held*, that exclusive credit for the advance was given to the underwriters and that no lien existed on the vessel for its repayment.

[Cited in The James Farrell, 36 Fed. 501.]

2. *Held*, also, especially, that the lien could not, under the circumstances, be set up against the title of a bona fide purchaser.

[Appeal from the district court of the United States for the Southern district of New York.]

John Davenport filed a libel in rem against the brig Sea Flower, in the district court, to recover the sum of $1,381 45 advanced for repairs to and other necessaries for the brig Sea Flower in the island of Bermuda.   The vessel had been wrecked and abandoned to the underwriters, who sent an agent from New York to the island, with authority to pay the salvage, repair the vessel, and bring her to New York.   For the purpose of enabling him to raise the necessary means they gave him a letter of credit, authorizing him to draw on them for the amount at thirty days' sight.   The libellant advanced the above amount, on a draft drawn by the agent, which the drawees accepted.   On the arrival of the vessel at New York the underwriters sold her to the insured in satisfaction of their policy, and soon afterwards failed in business, and the draft was not paid.   The district court decreed in favor of the claimant [Case No. 3,589], and the libellants appealed to this court.

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. Cox, Manual Trade-Mark Cas. 316, contains only a partial report.]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]
[2] [Affirming Case No. 3,589.]

THE COURT held that exclusive credit for the advance was given to the underwriters, that no lien existed on the vessel for its repayment, and, especially, that the lien could not, under the circumstances, be set up against the title of a bona fide purchaser. Decree affirmed.

---

SEA FLOWER, The (DAVENPORT v.). See Case No. 3,589.

SEAGRAVE (SARGENT v.). See Case No. 12,365.

SEAGRAVES (COMSTOCK v.). See Case No. 6,593.

SEAGRAVES (HOLBROOK v.). See Case No. 6,593.