## Case No. 2,707.

### The CHRISTOPHER NORTH.

[6 Biss. 414;[1] 7 Chi. Leg. News, 387.]

District Court, N. D. Illinois. July, 1875.

#### LIBEL FOR REPAIRS.

Where a vessel goes from her home port to another state for the express purpose of being repaired, and the owners have no personal credit, a libel will lie against her at her home port for the balance due for such repairs.

[Cited in The James Farrell, 36 Fed. 501.]

In admiralty.

Tenneys, Flower & Abercombie, for libellant.

Magee, Oleson, & Adkinson, for respondents.

BLODGETT, District Judge. This is a libel for repairs made by the Manitowoc Dry Dock Company, upon the schooner Christopher North, in the month of September, 1872. The facts of the case appear to be these: The Christopher North was owned in the city of Chicago, by Jacob Hansen and one Scharvey. She was in need of repairs, and for the purpose of having her repaired in the best and most economical manner, one of her owners, Hansen, went to Manitowoc and made a contract there with the Manitowoc Dry Dock

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Company, a corporation doing business at Manitowoc, Wis., in the repair and building of vessels. This company were to do certain repairs to ·the vessel, for which they were to receive a fixed price, half the money down, and the remainder in sixty days. After making the contract, Hansen telegraphed to Scharvey, who was captain and part owner of the vessel, to make sail with her for Manitowoc for the purpose of having her repaired there. The schooner accordingly proceeded to Manitowoc, and underwent the repairs which had been ordered. When they were completed and the vessel ready to leave the dock, a draft was made for one-half of the expense, the captain giving a certificate of indebtedness for the remaining half, and certifying that it was for repairs done to the schooner, payable in sixty days. On account of this indebtedness the libel was filed against the schooner.

The defense is now interposed that this work was done upon the credit of the owners, and not upon the credit of the vessel, although it was done in a foreign port, Chicago being the port of the Christopher North. She, however, did not leave this port upon a commercial voyage in the ordinary course of maritime employment, but for the express purpose of receiving these repairs, and the question is whether upon the facts of the case the relations of the parties are not precisely the same as though these repairs had been made while the vessel was in the home port; whether for the purpose of these repairs Manitowoc may not be said to have been the home port of this vessel, and whether it was not upon personal credit rather than upon the credit of the vessel that the repairs were made. The evidence shows that the owners of the vessel were not men in financial credit. One of them was a shoemaker residing in this city, and the other was master of the vessel, and having no means outside of his interest in the vessel to give him credit. Neither of the owners had any property or credit at Manitowoc aside from this vessel. There is no doubt but that if this vessel had put into the port of Manitowoc to undergo repairs, that these repairs would have been a lien on the vessel upon the facts shown, and, although the owner took the precaution to go to Manitowoc and make a contract before taking the vessel there, yet that, it seems to me, does not divest the parties making the repairs of their maritime lien. Under the circumstances of the case it seems to me that the court must find, as a matter of fact, that the repairs were made on the credit of the vessel.

[The further objection is made to this proceeding. for the reason alleged in the answer, that the vessel, as soon as the repairs in question were made upon her, was libeled in this court and sold under a decree. The present owners own her under the sale made in pursuance of this decree. But there is no proof upon that point. If it is true. I should be obliged to hold that the present owners hold her free and clear of this lien because of that sale. The parties should have come into court and put in their claim before the sale, and I do not think, although one of the present owners is the same man, Scharvey, who was captain of her at the time, that the principle is changed. I find nothing in that. That objection, I think, must be overruled for want of proof in the record.][2]

The decree will be for the amount due on the certificate of indebtedness.