## THE JAMES FARRELL.

### RICKARD v. THE JAMES FARRELL.

*(District Court, S. D. New York.   November 1, 1888.)*

MARITIME LIENS—REPAIRS—PERSONAL CREDIT OF OWNER.
    A shipwright in Jersey City solicited work at the office of the ship-owner's representative in New York.   The boat was afterwards sent to him, in Jersey City, to be repaired, in charge of the master.   The libelant rendered his bill at the New York office, and received a note on account, and afterwards renewed the same.   He made no claim against the boat until between 8 and 9 months afterwards, and the boat in the mean time had been mortgaged in good faith for a valuable consideration.   *Held* that, though the negotiations in New York might not alone defeat the lien, under all the circumstances, the repairs must be held done on personal credit only.

In Admiralty.   Lien for repairs.

The canal-boat James Farrell was owned in New York by the wife of E. M. Parker.   Her husband attended to the business of the boat, and had an office in this city.   In March, 1887, the libelant, a shipwright in Jersey City, called at Mr. Parker's office, and inquired if he had any work to be done in his line.   Mr. Parker afterwards sent for him to look at the Farrell, and give an estimate for repairs, which was done, and Mr. Parker said that the boat would be sent over soon.   Not long after she was sent over in charge of the captain of the boat, and repairs were put upon her to the amount of $289.66; the captain remaining in charge of the boat, and keeping the time of the workmen.   The work was completed on the 10th of May, 1887; for which, at Parker's request, his note was taken for the bill, which was once renewed, but not paid; and the boat was libeled on the 29th of December.   The return of the note was tendered by the libelant on the trial.   On September 29, 1887, the claimant took a chattel mortgage from Mrs. Parker covering a coal-yard and a half interest in the Farrell, with some other property, as security for coal previously furnished, and for coal afterwards supplied on the faith of the security.   The evidence indicates that the description of a "half interest" in the vessel was a mistake, and that the whole was intended to be mortgaged, and by a subsequent oral agreement was understood to be covered by the mortgage.   For default of payment the mortgage was subsequently foreclosed, and all the mortgaged property, including the vessel, bought in by the claimant for much less than the debt secured.   The answer set up a sale on personal credit, and a superior equity under the subsequent mortgage and foreclosure.

*Oscar Frisbie*, for libelant.

*Edward H. Kissam*, for claimant.

BROWN, J., *(after stating the facts as above.)*   Though no one circumstance in this case might be deemed sufficient to exclude a maritime lien, yet, taking all the facts together, I think the work must be held done upon the personal credit of the owner, and not upon the credit of the

**ship.** Under the decisions, I should have upheld the lien, had there been no adverse circumstances save the previous negotiation for the repairs by the libelant with the owner's representative in New York; for the repairs were in fact made in another state, while the master there was in charge of the boat, and hence they were received by the master for the use of the vessel. *The Solis*, 35 Fed. Rep. 545; *The Hiram R. Dixon*, 33 Fed. Rep. 297; *The Chelmsford*, 34 Fed. Rep. 399, and cases there cited; *The Huron*, 29 Fed. Rep. 183; *The Aeronaut, ante,* 497; *The Christopher North*, 6 Biss. 414. The mere fact that the original negotiations were made with the owner in his own state may not afford a presumption that an exclusive personal credit was intended; or that the material-man in furnishing the repairs or supplies to the vessel, and to the master in another state, intended to waive the security of the maritime lien that the *lex loci* ordinarily affords for such benefits to the ship. See, however, the observations of Judge BUTLER in the case of *The Chelmsford*, *supra*. Here the further circumstances that the work was sought by the libelant at the office of the owner's representative in New York; that the bill was rendered there; that a note was there twice taken for payment; that the vessel was frequently present and subject to suit; and that, nevertheless, no libel was filed, nor any lien upon the ship claimed, until between eight and nine months after the work was done, and after the vessel had virtually passed into *bona fide* hands,—seem to me to require that the work should be held intended to be done on personal credit only, and not on the credit of the boat. *The Camilla*, Taney, 400; *The Norman*, 28 Fed. Rep. 383, *The Transit*, 4 Ben. 138; *The Sea Flower*, 1 Blatchf. 361; *The Suliote*, (affirmed on appeal,) 23 Fed. Rep. 919, 924–927; *The Mary Morgan*, 28 Fed. Rep. 196; *The Glenmont*, 34 Fed. Rep. 402. On this ground the libel is dismissed, but without costs.