## Case No. 4,451.

### The EMILIE.

[4 Ben. 235.][1]

District Court, S. D. New York. June, 1870.

C. Donohue for libellant.
W. Q. Morton, for claimants.

BLATCHFORD, District Judge. The commissioner allowed to the libellant, as part of.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

his damages, "demurrage, eight days, at $50 per day, $400." This was allowed for the detention of the libellant's vessel, a pilot boat, while the repairs of the damages sustained by her, through her collision with the Emilie, were being made. I think the claimants' exceptions fairly raise the exception that this allowance was, on the evidence, excessive. I adhere to the rule laid down by me in the case of The Transit [Case No. 14,138], that, in the case of a pilot boat, the detention allowed for must be for the detention of the vessel alone, assuming her to be in a fit condition for use as a vessel in the business of a pilot boat, and that nothing can be allowed to the libellant, as owner of the vessel, for the worth of the time of the pilots on board of the vessel, or of his own time as a pilot, during the detention; that this allowance can include only the value of the use of the pilot boat as a vessel—what, without pilots, or crew, or stores being furnished with her, she could have been chartered for to others, to use as a pilot boat; and that, only in the absence of evidence as to the market value of the charter of such a pilot boat, can resort be had to the judgment of persons acquainted with the piloting business, as to the value of the time of the vessel, based upon the employment she was in when injured, its character and constancy, and its then recent results in the way of earnings. In the present case, the evidence is, that the libellant's boat was actually under charter, at the time, to the company of pilots on board of her, for one quarter of her gross earnings, the libellant taking the risk of what they would be. The commissioner allowed $50 per day, for the value of the use of the vessel. But, the evidence on the part of the libellant, especially the testimony of the pilot Henderson, shows, that that amount includes a full allowance for the loss of time of the pilots on board of the vessel. Henderson puts the value of the use of the pilot boat at about $15 per day. On the evidence, that is all that can be allowed. This is irrespective of the testimony put in on the part of the claimants, as to the earnings of the libellant's pilot boat, during the two months prior to the collision. But, if that were to be considered, it would lead to the same result. It shows, that the boat's one quarter of the gross earnings for July and August, 1866, (the collision having taken place early in September, 1866,) was $973 80, which, for sixty-two days, would be $15 70 per day.

I think, on the evidence, that an allowance for six days was as much as was warranted. I therefore allow for six days, at $15 per day, being a total of $90.

I deduct from the amount reported as damages $310. Let a decree be entered for the libellant for $550 86, with interest from February 1st, 1869, the date of the report.