Shohl, P. J.
Plaintiff in error, Jesse C. Mayer, brought suit against the defendant in error, Arthur Cohn, in the municipal court of Cincinnati for damages caused in a collision between the automobiles of the parties. The defendant in error, who was the' defendant in the original action, filed a cross-petition for the damages caused to his automobile, alleging the cost of his repairs to be $6.98, and also claiming damages for the loss of the use of his machine for the time ■expended in making the repairs. The jury returned a verdict in favor of the defendant and against the plaintiff in the sum of $81.98, and judgment was entered thereon. This was affirmed by the court of common pleas, and it is now sought to reverse both judgments.
The principal error complained of is that the court permitted the defendant to recover damages *135 for the loss of the use of the automobile. The automobile in. question was a touring car, used by the defendant in his business to call on the trade. He did not hire another machine for the three days that it was in the repair shop. The weight of authority and the better reasons support the rule allowing compensation for the loss of use during the time necessarily expended in making repairs.
The primary end to be attained in the awarding of damages for torts is to put the injured person in as good a position as he would have been if the tort-feasor had not injured him. If one is wrongfully deprived of the use of a chattel through the tort of another, the proper measure of damages includes compensation’ for the loss of use proximately caused by the tort. There is no good reason why the injured party should be required to hire another chattel in order to establish the value of the use. If that use is valuable it can be shown by evidence, like any other question of fact. The statement of the rule in Sedgwick on Damages (8 ed.), Section 435, which was approved by the court in the case of P., C., C. & St. L. Ry. Co. v. Kelly, 12 C. C., 341, affirmed 53 Ohio St., 667; is:
“Where the plaintiffs property was injured, he may recover the expense of restoration of the property to health or soundness, compensation for the loss of use of it during the period of disability, and the amount of the difference, if any, between its value before the injury, and after the cure or repair.”
See also Loud & Sons Lumber Co. v. Peter, 20 C. C., 73; and Cook v. Packard Motor Car Co., *136 88 Conn., 590, and note to same, L. R. A. 1915C, page 319.
The trial court did not err and the judgment will be affirmed.

Judgment affirmed.

Hamilton and Cushing, JJ., concur.