## STATE COURT OF APPEALS—Continued

No. 580
DYKES v. INDUSTRIAL COM.
Ohio Appeals. 9th Dist., Summit County
No. 375. Decided May 29, 1924.
1283. WORKMEN'S COMPENSATION—
(1.) Decision of Industrial Commission held to be based upon the sufficiency of the award in instant case, and not based on jurisdictional facts.

2. Where a denial of compensation by the Industrial Commission is based upon opinion that claimant has been sufficiently compensated, and not on some jurisdictional ground, no appeal to the court lies.

PARDEE, J.                     Epitomized Opinion
Published Only in Ohio Law Abstract

Dykes, an employee of the Kelly-Springfield Tire Company of Akron, sustained an injury while in the employ of said Company. He made application to the Industrial Commission of Ohio, which application was allowed. The Industrial Commission found all the jurisdictional facts in favor of said plaintiff. The plaintiff was paid compensation from August 1918 to January 1921 when his compensation was discontinued. Thereafter he made application to Commission for aditional compensation and for a re-hearing. In December, 1922 h's claim for further compensation came on for hearing before the Commission, the question being claimant's right to aditional compensation and on said date a finding was made that no additional compensation award be made. Plaintiff prosecuted an appeal to the Common Pleas Court. At the close of plaintiff's case the case was arrested from the jury by the trial judge. Plaintiff prosecuted error to the Court of Appeals. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the record showed conclusively that the plaintiff was denied the right further to participate in the fund and receive additional compensation therefrom because he had, in the judgment of the Commission, been fully paid for the inpairment of his income which he suffered as a result of the accident.

2. When the Industrial Commission of Ohio once takes jurisdiction of a claim and finds all of the jurisdictional facts in favor of the claimant, allowing him compensation and continuing to allow him compensation from time to time, and finally upon a rehearing makes an order that he is not entitled to further compensation, the claimant is denied further compensation, not because the commission finds there is a lack of jurisdictional facts, but because in the jjudgement of the commission the claimant has been adequately compensated from the injjury he received from the acc'dent.

Attorneys—Smoyer, Clinedinst & Smoyer, Akron, for Dykes; C. C. Crabbe, Atty. Gen., Columbus, for Commission.

No. 581
CINCINNATN TRAC. CO. v. FELDMAN
Ohio Appeals, 1st Dist., Hamilton County
No. 2290. Decided Jan. 7, 1924
480. NEGLIGENCE—Proof of value of the use of a car during the time owner was deprived of the use by the injury to it, by company's negligence.

CUSHING, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

Feldcamp brought an action in the Cincinnati Superior Court against the Cincinnati Traction Co. to recover damage to his automobile, caused by the negligence of the company, claiming to recover the reasonable cost of the repairs, and for the loss of the use of his car for six weeks. Feldcamp was operating a taxicab business, and the only evidence offered in the trial court of the value of the use of the car was its gross earnings per day when itt was in use.

On the question as to the value of the use of the car, the Court of Appeals held the proper rule to be that when a person is deprived of the use of valuable property, his damages are the expense of hiring the property which he is forced to substitute for it, citing the case of Mayor v. Cohen, 12 OA. 134. As there was no testimony offered in the trial court as to whether or not there were cars in the market for hire, and as the court erroneously instructed the jury that the value of the time during which the use of the car was lost was to be determined upon the bases of the reasonable value of the use of a similar automobile in the city at or about the time when the collision occurred, the Court of Appeals reversed the judgmentt of the Superior Court, and remanded the case for a new trial.

Attorneys—John M. McCaslin, for Traction Co ; Edwin G. Becker, for Feldcamp; all of Cincinnati.

No. 582
WICKER v. KENNEY
Ohio Appeals, 1st Dist., Hamilton County
No. 2322. Decided Jan. 7, 1924
480. EVIDENCE—Admission by defendant of his ownership of the automobile inflicting an injury held admissible.

This action was began in the Hamilton Common Pleas, to recover damages for personal injury. The petition charged that Wicker owned and operated an automobile, and that his negligence caused the accident and injury. The answer denied the ownership; that the accident happened; and that he