## TOLEDO EDISON CO v ROBERTS

Ohio Appeals, 6th Dist, Lucas Co

No 2948. Decided May 28, 1934

Tracy, Chapman & Welles, Toledo, for plaintiff in error.

Fritsche & Winchester, Toledo, for defendant in error.

tween The Toledo Edison Company and Roberts as to the commission to which he was entitled on the two jobs secured from The Toledo Driving Park, Inc. Clearly, this constituted an unliquidated demand in favor of Roberts and against the company. Each of these parties honestly controverted the claim made by the other. The claim was not a liquidated one, because there was an honest dispute over the amount claimed to be due. It has long been settled that where it is admitted that one of two specified sums is due, but there is a dispute as to what is the proper amount, the demand is regarded as unliquidated, as applied to an action involving the question of accord and satisfaction. The authorities on this subject are numerous and I cite only:

Hanley Co. v American Cement Co., 101 Conn., 469;

Railway v Clark, 178 U. S., 285;

Nassoy v Tomleson, 148 N. Y., 326.

Under these circumstances the company, having paid certain sums to Roberts, drew him a check on July 14, 1929 for $717.52, which they insisted was the balance due him and was computed at 5%; he, however, contendng that there was due him 4% more than the amount of the check. The following words were printed on the back of the check drawn to his order:

"My endorsement hereon is an acknowledgment of the payment to date of this check for services rendered to The Toledo Edison Company."

Roberts accepted the check, erased the words above quoted, and endorsed the check, drawing the money thereon. It was perfectly understood between them that the check was drawn for the amount which The Toledo Edison Company conceded remained due to Roberts on the Driving Park contracts. The erasure of the words printed on the back of the check could not avail Roberts. His duty was to accept it as it was, or return it.

The case falls directly within the principle stated in **Seeds, Grain & Hay Co. v Conger, 83 Oh St, 169, 1 Ohio Juris., 164**, and the court should have granted the motion made at the conclusion of the evidence to direct a verdict in favor of the company. As a verdict should have been directed, the other errors which are claimed to have been committed become unimportant.

Judgment reversed and final judgment rendered for plaintiff in error.

LLOYD, J, concurs.

WILLIAMS, J, not participating.

## OPINION

By RICHARDS, J.

A bona fide dispute existed, therefore, be-

## ON APPLICATION FOR REHEARING

Decided June 25, 1934

By RICHARDS, J.

On application for rehearing it is complained that the court drew the inference that a bona fide dispute existed between the parties as to the amount of compensation, and that this was a question for the jury. All of the evidence on both sides indicates the existence of a bona fide dispute between the parties on that matter, and there was, therefore, nothing to leave to the jury as to the existence and character of the dispute. This misunderstanding did not arise in February, 1934, as claimed by counsel for Roberts, but dates back to the time of the employment. Roberts testified that he was to have 9% on all sales except on lamp bulbs, while Fanning testified that the contract of employment excepted not only lamp bulbs but that there was a separate schedule for commission "where sales were made through the floor."

The existence of the dispute was recognized and emphasized by Roberts when he erased the words printed on the back of the check before cashing it. Application for rehearing denied.

LLOYD, J, concurs.