WILLIAMS FURNITURE CORP., APPELLANT, *v.*
ARCADE FURNITURE STORE, APPELLEE.

(No. 2016—Decided December 8, 1948.)

*Messrs. Wasserman & Talbot,* for appellant.
*Mr. John A. Benjamin,* for appellee.

WISEMAN, P. J.   This is an appeal on questions of
law from a judgment of the Common Pleas Court of
Montgomery county, which reversed a judgment in
favor of the plaintiff rendered by the Municipal Court
of Dayton.

The plaintiff, appellant herein, sold a shipment of
furniture to defendant, appellee herein, for the price
of $3,120.75.   The invoice stated the terms of sale as
follows:   "Terms—2% 15 days, Net 30, F. O. B.
Sumter, S. C."

The invoice is dated January 17, 1947.   It will be ob-
served that February 1 was the last date on which the
two per cent discount could be taken.   On February
15, 1947, the defendant mailed to the plaintiff a check
dated February 1, 1947, for $3,058.33, which repre-
sented the amount of the invoice less a discount of

two per cent. The plaintiff returned the check, stating that the discount period had expired when the check was mailed. The defendant again sent the check to the plaintiff, stating that it was unable to explain the difference in the date of the issuance of the check and the mailing thereof. The plaintiff again returned the check to the defendant, calling attention to the terms of sale and that the defendant was not entitled to the discount. The plaintiff claimed the net amount due. The defendant again sent the check and, in a letter to the plaintiff, stated that it was trying to pay the plaintiff rather than avoid payment, offering as an excuse the fact that it had just started in business and that its office force was disorganized. The plaintiff finally accepted and cashed the check and in a letter to the defendant stated that it would attempt to collect the balance.

The defendant set up the defense of accord and satisfaction. The evidence which is largely documentary is not in dispute. The claim of the plaintiff meets the test of a liquidated demand. 1 Ohio Jurisprudence, 163, Section 8. But a liquidated claim may be disputed or undisputed. *Yin* v. *Amino Products Co.,* 141 Ohio St., 21, 29, 46 N. E. (2d), 610. Was there a bona fide dispute? The terms of sale were clear and definite. The fact that the check was dated as of the last discount date indicates that defendant clearly understood the terms of sale and made an effort to get the plaintiff to accept the discount even though the discount period had expired. On the check itself there was a notation showing the net amount due less two per cent, which was properly calculated and stated to be $62.42. There never was any controversy between the parties as to the amount due. The most favorable construction that can be placed on the evidence in support of the

defendant's contention is that the defendant made an unsuccessful effort to prevail upon the plaintiff to accept the check for the amount due less the discount.

The defendant relies on *Seeds Grain & Hay Co.* v. *Conger,* 83 Ohio St., 169, 93 N. E., 892, 32 L. R. A. (N. S.), 380; *Toledo Edison Co.* v. *Roberts,* 50 Ohio App., 74, 197 N. E., 500; *Bettman* v. *Sporkin,* 6 Ohio App., 23, which hold that where there is a bona fide dispute over an unliquidated demand and the debtor tenders a less amount on the express condition that the less amount shall be in full of the disputed claim, and such less amount is accepted by the creditor, there is an accord and satisfaction. The case at bar does not fall in that category. The evidence does not show that the plaintiff ever agreed to accept the lesser amount in full satisfaction of the net amount due. Furthermore, the payment of a lesser amount in full of a greater amount of indebtedness, where the claim is liquidated or undisputed, does not constitute an accord and satisfaction unless such payment is based on some additional consideration. *Yin* v. *Amino Products Co., supra,* 28; 1 Ohio Jurisprudence, 161, 162, Section 8. Moreover, in the case at bar, the evidence does not show that the check for the lesser amount was finally offered in full satisfaction for the greater amount due. We are of the opinion that the evidence does not support the defense of accord and satisfaction.

The judgment of the Common Pleas Court is reversed and the judgment of the Municipal Court is affirmed.

*Judgment reversed.*

Miller and Hornbeck, JJ., concur.