**HUDAK, Plaintiff-Appellee, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25110.   Decided June 2, 1960.

Sindell, Sindell, Bourne, Disbro & Markus, for plaintiff-appellee.
Arter, Hadden, Wykoff & Van Duzer, for defendant-appellant.

## OPINION

By SKEEL, J:

This appeal comes to this court on questions of law from a judgment entered for the plaintiff on the verdict of a jury in the Cleveland Municipal Court. The action of the plaintiff is based on a contract of insurance between the husband of the plaintiff and the defendant. The plaintiff's petition alleges that there was a contract of insurance between her husband and the defendant which was in force on April 7, 1955. It alleges that one of the provisions of the policy agreement was to pay medical expenses incurred by plaintiff, and others therein designated, as a result of injuries suffered in accidents as passengers in the automobile of her husband. The limit of medical expenses to be paid by the defendant was Five Hundred Dollars ($500.00) for each injured party.

It is alleged that on April 7, 1955, she was a passenger in her husband's automobile and that she was injured because of an accident in which he was then involved. It is also alleged that claimant's medical expense exceeded Five Hundred Dollars ($500.00). The plaintiff states that she complied with all features of the policy as required by the defendant by filing "medical payment proof of claim" and other material requested but that the defendant has failed and refused to pay plaintiff the balance of the sum due her under the policy; that a "check for $83.28 was accepted as partial payment of her total claim of Five Hundred Dollars." The prayer of plaintiff's petition is for four hundred sixteen dollars and seventy-two cents ($416.72), that is, the difference between the amount of the check which she alleges she accepted as partial payment and the limit of the policy for medical expense of a single person.

The defendant's answer, in addition to admitting its capacity to do business in Ohio, and that it issued a policy of insurance to Joseph Hudak, which was in force on April 7, 1955, denies plaintiff was a passenger in her husband's automobile, denies she was injured in the manner and to the extent as alleged, denies that her medical expense exceeded Five Hundred Dollars ($500.00), and denies all other allegations not specifically admitted to be true. By its "First Separate Defense," the answer alleges that there was a bona fide dispute and disagreement between the plaintiff and the defendant as to the amount due, if any, on account of matters set out in plaintiff's petition and that the defendant delivered to plaintiff a check in the amount of Eighty-three dollars and twenty-eight cents ($83.28) which was received and accepted by plaintiff in full payment and satisfaction of her claim. Defendant then pleads that by reason of plaintiff's acceptance of such check, there was an accord and satisfaction of plaintiff's claim.

No reply was filed by the plaintiff.

From the judgment for the plaintiff, the defendant claims the following errors:

"1. The lower court erred to the prejudice of defendant-appellant in not granting defendant's motion for a directed verdict on the basis of accord and satisfaction.

"2. The lower court erred to the prejudice of defendant-appellant

in not directing a verdict for defendant-appellant for the reason that the plaintiff-appellee never established a causal connection between the accident and her alleged expenses for subsequnt medical treatment.

"3. The lower court erred to the prejudice of defendant-appellant in its charge to the jury."

The plaintiff by her petition alleges that she accepted the check "as partial payment." This acceptance of the check is also made clear by the fact that the amount prayed for is "the balance of the sum due"— that is, for Four Hundred Sixteen Dollars and Seventy-two Cents ($416.72), which, added to the amount of the check, is the total amount claimed to be due the plaintiff from the defendant. The defendant pleads (as hereinbefore indicated) an accord and satisfaction in the acceptance of the check. This is an affirmative defense in which the defendant has the burden of proof unless that issue is admitted. **Morton v. Siebler Clothing Co., 21 Oh Ap 393, 153 N. E. 227.** No reply having been filed, this affirmative defense must be deemed as admitted by the pleadings.

The basis of the claim of accord and satisfaction is to be found in the statement printed on the back of the check (above the space for endorsements) that "Payee or payees accept this payment and hereby release all claims for loss or damage." The plaintiff having pleaded acceptance of this check, and having introduced it in the evidence as plaintiff's Exhibit No. 1, an accord and satisfaction is shown on the face of the record even if a reply had been filed attempting to put the defendant's claim of accord and satisfaction in issue.

Such claim of accord and satisfaction is also supported by the plaintiff's testimony. There is no claim by the plaintiff that, after receiving the check she had any communication whatever with the defendant or that the defendant waived the condition upon which the check was issued. There is also no claim that the condition on which the offer to pay $83.28, on a non-liquidated claim, was released or changed. In the case of **The Seeds Grain & Hay Co. v. Conger, 83 Oh St 169, 93 N. E. 892,** the Supreme Court held:

"1. Where there is a bona fide dispute over an unliquidated demand and the debtor tenders an amount less than the amount in dispute, upon the express condition that it shall be in full of the disputed claim, the creditor has but one alternative; he must accept the amount tendered upon the terms of the condition, unless the condition be waived, or he must reject it entirely, or if he has received the amount by check in a letter, he must return it.

"2. Where in such case the creditor retains a check which was sent upon the condition that it shall be in full satisfaction of the debt claimed to be due, and receives the money thereon and notifies the debtor that the amount is placed to his credit, but that he does not intend that the same shall close up the matter in dispute, to which the debtor makes no reply, such silence by the debtor does not amount to a withdrawal of the condition which accompanied the tender, nor to a waiver of it. The transaction is in accord and satisfaction."

and on page 176 of the opinion, the Supreme Court quoted with approval from the case of McDaniels v. Lapham et al, 21 Vt. 222, in which it was held:

" 'The doctrine, that the receiving a part of a debt due, under an agreement that the same shall be in full satisfaction, is no bar to an action to recover the balance, does not apply to any cases, except when the plaintiff's claim is for a fixed and liquidated amount, or where the sum could be ascertained by mere arithmetical calculation. But when a party makes an offer of a certain sum to settle a claim, when the sum in controversy is open and unliquidated, and attaches to his offer the condition, that the same, if taken at all, must be received in full, or in satisfaction, of the claim in dispute, and the other party receives the money, he takes it subject to the condition attached to it, and it will operate as an accord and satisfaction, even though the party, at the time of receiving the money, declare that he will not receive it in that manner, but only in part satisfaction of his debt so far as it will extend.' "

In the case of **Toledo Edison Co. v. Roberts, 50 Oh Ap 74, 197 N. E. 500,** there was a bona fide dispute on a claim for commission. The Toledo Edison Company issued a check to Roberts for $717.52 on which the following was printed:

"My endorsement hereon is an acknowledgement of the payment to date of this check for services rendered to The Toledo Edison Company."

Roberts erased the quoted words and cashed the check. In concluding there was an accord and satisfaction, the court said in the syllabus:

"2. Where, as the result of a bona fide dispute as to the amount due, the debtor draws a check payable to the creditor, on the back of which check is printed a statement that the endorsement thereon is an acknowledgment of payment to date for services rendered, and the creditor accepts the check, erases the printed matter, endorses the check and draws the money thereon, there is an accord and satisfaction."

A motion to certify was overruled by the Supreme Court.

Also in **Platt v. The Penetryn System, Inc., 151 Oh St 451, 86 N. E. 2d 600,** the court said:

"The acceptance and cashing by a creditor of a check delivered by his debtor, with full knowledge of the condition that the check is inscribed 'Payment in full all compensation due,' in settlement of an unliquidated and contested claim of the creditor, constitute an accord and satisfaction."

See also, **Yin v. Amino Products Co., 141 Oh St 21, 46 N. E. 2d 610.**

Whether there is any issue of fact that the plaintiff's continued possession constituted an acceptance is completely resolved by the plaintiff's pleading as quoted.

As stated in, **1 O. Jur. 2d 156, Sec. 15:**

"Whether the mere retention of a check tendered in full payment of an unliquidated claim amounts to an accord and satisfaction depends upon the intent of the parties inferred from the surrounding circumstances. An accord and satisfaction was found where a creditor accepted and held, but did not cash, a check tendered in full satisfaction of a disputed claim, the check having been tendered pursuant to an accord."

See also **Columbus Mutual Life Ins. Co. v. The National Life Insurance Co. of the U. S., 100 Oh St 208**, at page 210, 125 N. E. 664..

The second claim of error is also well taken. The only direct evidence of any medical expenses incurred by the plaintiff by reason of the accident of April 7, 1955, was a stipulation that the plaintiff's family doctor billed the plaintiff for $75.00 for such services. It is also made to appear that $8.28 was expended for emergency treatment at St. Alexis Hospital immediately following the accident. The total of these two amounts makes up the amount of the check tendered plaintiff by the defendant on March 15, 1958, which check has ever since been in her possession or control, and is the amount she admits accepting as applying to her claim as shown by her petition. Dr. Benjamin Persky (who was plaintiff's doctor, called as a witness by the defendant) testified that he billed Mrs. Hudak for his services in treating her for skin complications in the sum of eighty-five dollars. He also testified that it was his opinion that the condition for which he treated the plaintiff was in no way caused by the accident. There is no direct testimony to the contrary. There is also an apparent stipulation that the hospital bill for one week's stay in St. Alexis Hospital in December 1955, when she was hospitalized at the direction of Dr. Persky, was $232.00. However, as just stated, by the direct testimony of the doctor, this service was not related to the accident. From a careful reading of the bill of exceptions, the only evidence of actual medical expense of the plaintiff, directly related to the accident, is the amount of the check above referred to of $82.28, which amount is not a part of the monies for which claim is made in this action.

The third claim of error deals with the charge of the court. That part of the charge which is the subject of complaint is as follows:

"Now, don't misunderstand the Court. In that both sides have stipulated she is entitled to this money they have stipulated that if she were entitled to all of it, she would get $311 plus other disputed amounts. She is entitled to only partial payment; that the illnesses preceding her accident of April 7, 1955, was (sic) due to some of her ailments and that she would only receive a proportion of the amunt of $311.10 plus the disputed amounts, the balance of the medical expenses which you folks will have to decide in these deliberations.

"So, in summing up, after you compute or determine the reasonable value of the disputed medical bills and have added that amount to the stipulated bills in the amount of $311.10, you will have completed your first step in deciding this lawsuit."

The amount of $311 plus must have been the total of the two stipulations above referred to, that is, the amount of $83.28, which amount is not a part of this case, and the hospital bill of $232.00. Added together, the amount is about $315.00. Any instruction to the jury that "Now don't misunderstand the court. In that both sides have stipulated she is entitled to this money they have stipulated that if she were entitled to all of it, she would get $311 plus other disputed amounts * * *. "—the first part of this sentence that both sides have stipulated "that she is entitled to this money" is in direct conflict with the phrase that follows directly thereafter:

"They have stipulated that if she were entitled to all of it, she would get $311.00 plus other disputed amounts."

This conflict, together with the fact that $83.28 of the amount was not even the subject of this action, constitutes error prejudicial to the defendant. The error is one of commission and not of omission so that even though there was no exception entered, calling the error to the attention of the court, the defendant may now present such claim of error in this appeal.

For the foregoing reasons, the judgment is reversed and final judgment entered for the defendant.

HURD, PJ, KOVACHY, J, concur.