HARR IRON COMPANY, INC., PLAINTIFF-APPELLANT, *v.* NELAS THEATRE CORPORATION, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Columbiana County.

No. 803.   Decided March 27, 1961.

*Mr. Robert S. Hartford*, for plaintiff-appellant.
*Mr. W. B. Moore, Jr.*, for defendant-appellee.

BROWN, P. J. This is an appeal on questions of law from the judgment founded upon a verdict rendered for the defendant in the common pleas court of Columbiana County, Ohio.

Plaintiff's action was based upon an account supported by written agreements requiring plaintiff to deliver certain materials to the defendant. It is admitted that the materials were delivered and that the plaintiff's claim was entirely liquidated as to amount. Defendant claimed that by reason of late delivery of certain materials defendant had suffered damage which defendant claimed as a set-off in the amount of $354.00. This, then, was the limit of the dispute.

Prior to action being filed settlement of this dispute was being negotiated between the parties. The plaintiff claimed the full amount of the liquidated debt amounted to $1,800.00, that being the contract price, plus an additional item of $54.00 in sales tax, making an entire claim of plaintiff in the amount of $1,854.00.

The defendant in the negotiations offered to pay $1500.00 in full settlement of the claim. The difference between the two parties was $354.00.

Sometime thereafter the plaintiff's attorney filed a mechanic's lien against certain properties of the defendant upon which the materials were used by way of improving said properties. This mechanic's lien had reference to the same materials but was taken for only the disputed amount, that is to say, $354.00.

Thereafter counsel for the plaintiff directed a letter to the defendant dated October 4, 1956, and stating as follows:—

"This is to advise you that I have been requested by my client, Harr Iron Company to start foreclosure proceeding on the mechanic's lien filed on your property on the 11th day of July, 1956.

"Before taking this action, which will cost you additional expense I am affording you this final opportunity to settle this matter amicably. Balance to date with costs is $379.00."

To this letter defendant responded with a letter dated November 21, 1956, and containing the following:—

"As per your letter of October 4, 1956, enclosed please find check for $379.00 as full payment of our account with the Harr Iron Co. This will satisfy completely mechanics lien

No. 80077 filed on the 11th day of July, 1956. We would appreciate your release of this lien at your earliest opportunity.''

This check was retained by the plaintiff but was not cashed. A prolonged time elapsed during which time the evidence discloses that negotiations for settlement of the dispute continued between the parties and their counsel.

Plaintiff then filed an action for the full amount of the claim. The defendant filed an answer claiming that the $379.00 check amounted to an accord and satisfaction discharging the entire account. Plaintiff's reply denied an accord and satisfaction.

At the trial the defendant testified that its offer of settlement had been $1,500.00, and that the material received was reasonably worth $1,500.00. At another point in the record defendant admitted that it knew that the sum of $354.00 representing the principal amount of the mechanic's lien equaled the difference between the offer of settlement and the original price.

The jury upon this evidence found for the defendant.

Plaintiff-appellant assigns as error: that the trial court overruled plaintiff's motion for judgment notwithstanding the verdict; that the trial court overruled the plaintiff's motion for new trial; and that the verdict and judgment are against the manifest weight of the evidence.

This court is of the opinion after reviewing the pleadings and carefully studying the bill of exceptions that all of the assignments of error are well taken.

The plaintiff's first assignment of error maintains that the plaintiff's motion for judgment notwithstanding the verdict should have been granted. We agree for the following reasons: The only defense pleaded by the defendant was an accord and satisfaction. There is an entire lack of evidence in the record which would constitute a valid accord and satisfaction.

Where a claim is liquidated and the terms of sale giving rise to it are clear and definite, and no controversy exists between the parties as to the amount due under the contract, the acceptance of a check by the seller for an amount less than the face amount due does not constitute an accord and satisfaction, unless such payment was based on some additional considera-

tion. *Williams Furniture Corp.* v. *Arcade Furniture Store,* 84 Ohio App., 210, 39 Ohio Opinions, 246, 82 N. E. (2d), 926.

This rule has been found to be affected where a counter-claim or set-off is claimed as a part payment of the liquidated and undisputed debt. 4 A. L. R., 474, 53 A. L. R., 768. This line of cases holds that an undisputed claim due a creditor is rendered unliquidated by the assertion by the debtor of a disputed counter-claim or set-off, and that accord and satisfaction may, therefore, result from the payment of a less sum than the creditors claim or even a sum not in excess of the balance concededly due. In these cases an accord and satisfaction is not permitted where the amount paid is less than the sum concededly due.

The general rule is that an accord and satisfaction is the result of an agreement, and like all other agreements must be consummated by a meeting of the minds of the parties. *Warner Elevator Manufacturing Co.* v. *Higbee,* 53 Ohio App., 546.

Defendant's counsel argues that there is no testimony in the record that any of the appellant's conduct or acts were the result of misapprehension, inadvertence or mistake. In the event the defendant had proved an accord and satisfaction or had introduced evidence or circumstances from which the agreement of accord and satisfaction might be inferred it might then have been necessary for the plaintiff to have proved misapprehensions, inadvertence or mistake.

Defendant suggests that the case of *Columbus Mutual Life Insurance Co.* v. *National Life Insurance Company,* 100 Ohio St., 208, is helpful to the defendant's position in that the court there sustained the claim of accord and satisfaction where the creditor accepted and held, but did not cash, a check tendered in full satisfaction of a disputed claim, the check having been tendered pursuant to an accord. Defendant points out that the creditor in that case not only refused to cash the check but returned it to the debtor, and the court there took the position that by its receipt and acceptance of the check of $200.00 without complaint, the plaintiff thereby waived any cash consideration which it might have claimed and acquiesced and accepted the check itself for damages it may have had against the defendant.

We are disposed to admit that under the proper circum-

stances the retention of a check tendered pursuant to an accord and satisfaction might give rise to a situation in which the court would be obliged to present to the jury the question of whether or not a meeting of the minds of the parties actually occurred. However, we distinguish the *Columbus Mutual Life Insurance Co.* v. *National Life Insurance Company case, supra,* from the instant case on two grounds: 1. The amount claimed by the plaintiff in the Columbus Mutual Life Insurance Company case was disputed in its entirety and was completely unliquidated; 2. The defendant, Melas Theatre Corporation, continued to negotiate with the Harr Iron Company during the time that the check was being retained by the Harr Iron Company. This is indicated by a letter contained in the bill of exceptions at page 123 and marked Plaintiff's Exhibit 7.

The entire record and all of the correspondence fails to disclose any evidence that the Harr Iron Company at any time intended to accept less than the full amount of its claim. The allegations of the answer and the proof submitted do not amount to an accord and satisfaction. These allegations do, however, amount to a denial of plaintiff's claim.

The general verdict of the jury for the defendant is manifestly against the weight of the evidence. We, therefore, revers the judgment and remand the cause to the Common Pleas Court for further proceedings.

DONAHUE and GRIFFITH, JJ., concur.