PERRY, SR., PLAINTIFF-APPELLEE, *v.* HARRIS, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26624. Decided March 20, 1964.

*Mr. Benjamin S. Lee,* for plaintiff-appellee.
*Mr. Richard C. Green,* for defendant-appellant.

SKEEL, C. J.   This appeal comes to this court on questions of law from a judgment entered for the plaintiff after trial of the issues in the Cleveland Municipal Court in an action for money only.   The plaintiff's petition sets out that on October 2, 1962, the defendant, through one of his employees, a driver of one of his trucks, acting in the course of his employment, negligently backed his truck into the truck of the plaintiff, which

was then standing on the Lakeland Freeway, then under construction, waiting to unload crushed stone into a stone spreader. It is alleged that plaintiff's truck was severely damaged and that "he was compelled to place his truck at a designated and agreed upon body repair shop for a period of eight (8) days in order for said truck to be restored to its former performance, usefulness and appearance." The petition then recites that the defendant is indebted to plaintiff for the damages he suffered "because of the loss of use of his truck in his business * * * occasioned by the loss of time consumed in making the required and necessary repairs * * *" such repairs being necessary as a "* * * direct consequence of the accident * * *." The prayer asks damages in the sum of seven hundred and ninety five dollars. ($795.00)

After the court vacated a default judgment during term upon defendant's motion, defendant filed an answer, upon leave, which denies, for want of knowledge, that plaintiff is the owner of a dump truck as alleged in his petition, denies that said truck was damaged as claimed and further denies that "plaintiff suffered a loss of the use of said vehicle and demands strict proof of same."

By way of his second defense, the defendant alleges "while denying liability for any negligence proximately causing injury to the plaintiff, he did offer in full settlement thereof, the sum of Three Hundred Ninety Dollars and Forty Two Cents ($390.42). This sum was accepted by the plaintiff."

No reply was filed putting in issue the claim of payment.

The plaintiff was the only witness to testify in the presentation of his case. He testified that he tried to signal the defendant's driver to stop backing his truck before it struck the truck plaintiff had been driving and which was then in a stopped position in full view of defendant's driver. The plaintiff, in two places in the record, testified that he owned the truck he was driving. The plaintiff did not, however, present his title certificate as required by Section 4505.04, Revised Code, to establish the ownership of the truck. Ownership of the truck had been put into issue by a specific denial in the answer to the allegations of ownership in plaintiff's petition. Section 4505.04, Revised Code, in part, provides:

"No court in any case at law or in equity, shall recognize

the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or incumbered, unless evidenced:

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with Sections 4505.-01 to 4505.19, inclusive, Revised Code.

"(B) By admission in the pleadings or stipulation of the parties."

If this were the only error asserted by the defendant, it would have been proper for this court under the authority of *Austin* v. *River*, 95 Ohio App., 400, 120 N. E. (2d), 133, to remand the case for retrial on that issue.

It must be noted the theme of plaintiff's action is that there was damage resulting from the loss of use of his truck while repairs were being made. Although in the allegations of the answer it is clear that such repairs were made, the only evidence of damages suffered by plaintiff for loss of use because the truck could not be used while repairs were being made is that of the plaintiff which was as follows:

"Q. Will you tell the court to the best of your knowledge how much you were earning per day during the period of time this occurred on October 2, 1962. Will you tell the court to the best of your knowledge how much you were earning per day during that time, the nature of your remuneration, the amount rather?

"A. The amount was—it may have varied from $85 to $96 a day.

"Q. That's per day.

"A. That's right.

"* * *

"Q. Your truck was out of use for how many days, again?

"A. Eight day period.

"Q. Eight day period. You were earning approximately what per day?

"THE COURT: Between $85 to $96 a day."

On cross-examination the plaintiff admitted that he did not work on Sundays and that one of the days during the eight day period would have been a Sunday. The court, in entering judgment, allowed $85 per day for seven days or $595 as plaintiff's damages.

The rule of law applicable in the determination of damages for the loss of use of a motor vehicle by reason of damages thereto making its use impossible by reason of the negligence of the defendant is stated as follows:

"* * * where a motor vehicle has been damaged through the negligent acts of another only to such extent that it is reasonably capable of being repaired within a reasonable period of time after its damage, the owner may recover not only the difference in value of the vehicle immediately before and immediately after the damage, but may also recover for the loss of use of the vehicle for such reasonable period of time as is necessary to make the repairs. 6 Ohio Jurisprudence (2d), 714, Automobiles, Section 417; *Hayes Freight Lines* v. *Tarver*, 148 Ohio St., 82, 73 N. E. (2d), 192; *Mayer* v. *Cohn*, 12 Ohio App., 134."

And in the case of *Cincinnati Traction Co.* v. *Feldkamp*, 19 Ohio App., 421, the court said in the syllabus:

"The value of the use of an automobile which has been damaged by the negligence of another is the expense of hiring the property which the owner is forced to substitute for it, providing it can be replaced. If there are no cars on the market for hire, the value of its use to the owner in his business at the time of the tort complained of is the basis for estimating damages, and the owner's books, showing the earnings of the car about the time of the tort, are competent evidence of probable earnings during the time used for repairs."

The rule, therefore, is that one whose motor vehicle is damaged by or through the negligence of another is entitled to compensation for the loss of use of such vehicle for a reasonable time within which to make the repairs, if, under the circumstances, the damaged vehicle can be repaired. If other vehicles of like kind are available, then the reasonable cost of rental of such vehicle would be one means of fixing the measure of damages; however, there is no rule requiring the owner under such circumstances to seek to temporarily replace the vehicle for the reasonable period of repair. In the event the owner does not rent another vehicle, the value of the use of the vehicle during the time reasonably necessary to make the repairs would be the measure of damages. Such damages would not

include the wages of the driver and the cost of the fuel and maintenance during such period.

There is no evidence in this record of the extent of the repairs and what would be a reasonable time to complete the repairs reasonably necessary. Furthermore, there is no evidence of either the rental value or the use value of plaintiff's truck. The only evidence on the subject is plaintiff's testimony that he was earning $85.00 or more per day which must have included his personal earnings, gasoline and all general upkeep of the truck. There is no attempt in the record to separate these items from his gross earnings. There is, therefore, no evidence to support the damage claimed for loss of use. See also: *Kohl* v. *Arp*, 169 A. L. R., 1067, 17 N. W. (2d), 824; *Southern Ry. in Kentucky* v. *Kentucky Grocery Co.*, 166 Ky., 94, 178 S. W. 1162, where, at page 1163, it is said:

"In this case, the property being an automobile truck, the criterion is the reasonable net rental value upon the market in Louisville of the truck in question, or of other trucks of like capacity and equal performance; the lessee furnishing driver and bearing all such other expenses as the owner himself would have to bear in the operation of his own car." See 25 C. J. S., 600, Damages, Section 83, subsec. C.

We now come to the question of the failure of the plaintiff to file a reply to the defendant's second defense. The defendant's second defense was, in part, as follows:

"* * * while denying liability for any negligence proximately causing injury to the plaintiff, he did offer in full settlement thereof the sum of Three Hundred Ninety Dollars and Forty Two Cents ($390.42). This sum was accepted by the plaintiff."

Since there was no reply to the affirmative defense of payment, it must be taken as admitted by the plaintiff. Nor was the legal requirement of putting in issue affirmative defenses by reply waived as is shown by the record. At the conclusion of plaintiff's case, a motion for judgment was made by the defendant and promptly overruled by the court. The defendant then rested his case and again moved for judgment. He did not continue the trial as if a reply had been filed.

In 42 Ohio Jurisprudence (2d), 334, Payment, Section 69, the following appears:

"Answer—Payment is new matter constituting an affirmative defense which must be especially pleaded in the answer and which cannot be shown under a general denial."
and on page 336, Section 70, there appears:

"Under the code a reply is necessary whenever the answer sets up new matter and since payment is new matter, a reply is necessary to an answer alleging payment in full; otherwise the answer must be taken as true in the absence of a reply thereto."

See *Moore* v. *Farmers State & Savings Bank*, 47 Ohio App., 10, 190 N. E., 42, *Benson* v. *Lamb*, 89 Ohio App., 248, 101 N. E. (2d), 235, *Hudak* v. *Nationwide Mutual Ins. Co.*, 112 Ohio App., 306, 167 N. E. (2d), 666. There are no authorities to the contrary.

Damages suffered as a result of an act of negligence constitutes but a single cause of action and the plaintiff may not split into separate claims different claimed injuries. *Rush* v. *City of Maple Heights*, 167 Ohio St., 221, 147 N. E. (2d), 599. The syllabus of this case provides:

"Where a person suffers both personal injuries and property damage as a result of the same wrongful act, only a single cause of action arises, the different injuries occasioned thereby being separate items of damage from such act. (Paragraph four of the syllabus in the case of *Vasu* v. *Kohlers, Inc.*, 145 Ohio St., 321, overruled.)"

As noted, the answer pleads:

"* * * while denying liability for any negligence proximately causing injury to the plaintiff, he did offer *in full settlement thereof*, the sum of Three Hundred Ninety Dollars and Forty Two Cents. ($390.42.) This sum was accepted by the plaintiff." (Emphasis added.)

In the context of the pleading, this claim of full settlement accepted by and payment received, which is admitted by failure to reply, must be considered, as a matter of law, as a complete disposition of the plaintiff's claim as pleaded in his petition. This court must, therefore, enter the judgment which the trial court should have entered based on the fact that there is no evidence in the record to support a necessary element of plaintiff's case, to-wit: "damages" and because of the fact that on the face of the pleadings settlement of the claim and full

payment is admitted, the judgment entered by the trial court is reversed and final judgment entered for the defendant.

Corrigan and Wasserman, JJ., concur.