JOURNAL ENTRY AND OPINION.
Defendant Cathy L. Pirman appeals from the judgment of the Euclid Municipal Court which awarded plaintiff Kreiner Peters Co. L.P.A. $1,300 for rental car expenses incurred following a collision with defendant. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
On October 2, 1998, plaintiff filed this action against defendant, alleging that defendant negligently caused a motor vehicle collision and damaged a vehicle which plaintiff owns. Plaintiff sought the recovery of $4,057.42 for repairs to the vehicle plus $1,300.43 for a rental car. Defendant denied liability. It is undisputed that she did not specifically plead as an affirmative defense that plaintiff failed to mitigate its damages.
Plaintiff was subsequently compensated by defendant's insurer for the property damage claim of $4,057.42. On February 18, 1999, the trial court noted in a journal entry as follows:
 At issue is the question of rental of a substitute automobile by plaintiff for a period of 64 days. Of that period 21 days are in controversy. The amount of controversy is $589. (Emphasis added).
On April 12, 1999, plaintiff moved for summary judgment as to the rental car expenses of $1,300.43. Plaintiff asserted that it was entitled to the total rental car bill because it was incurred due to defendant's admitted negligence. In opposition, defendant asserted that plaintiff failed to mitigate its damages. Defendant further asserted that plaintiff failed to prove the reasonableness of the rental bill for sixty-four (64) days. Defendant also moved to amend her answer to assert the affirmative defense of failure to mitigate damages.
On May 17, 1999, the trial court denied defendant's motion to amend her answer. On the same day, the trial court entered summary judgment for plaintiff for the entire $1,300.43 rental car bill, determining that defendant had failed to present a genuine issue of material fact to show that these requested damages were unreasonable. Defendant now appeals and assigns two errors for our review.
Defendant's first assignment of error states:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE, AS THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO PLAINTIFF-APPELLEE'S DAMAGES AND PLAINTIFF-APPELLEE'S MITIGATION OF ITS DAMAGES.
With regard to procedure, we note that Civ.R. 56(C) provides as follows:
 Summary Judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Moreover, "[a] motion for summary judgment forces the non-moving party to produce evidence on any issue for which that partybears the burden of production at trial." (Emphasis added).Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus. Accord Paul v. UniroyalPlastics Co. (1988), 62 Ohio App.3d 277, 281-281 (if the moving party does not bear the burden of proof at trial, he may merely point to the lack of sufficient evidence in the record to support the non-moving party's claim; the non-moving party may not rely on his pleadings if he bears the burden of proof at trial.)
With regard to the substantive law, we note that in order to sustain a claim of negligence, a plaintiff must show a duty owed by defendant to a plaintiff, a breach of that duty, injury or damages, and the existence of proximate cause between the breach and the injury or damages. See Menifee v. Ohio Welding Prod., Inc.
(1984), 15 Ohio St.3d 75, 77.
The law in Ohio relative to recovery for negligently damaged vehicles was set forth in Hayes Freight Lines, Inc. v. Tarver
(1947), 148 Ohio St. 82, paragraph two of the syllabus as follows:
 Where a motor vehicle has been damaged through the negligent acts of another only to such extent that it is reasonably capable of being repaired within a reasonable period of time after its damage, the owner may recover not only the difference in value of the vehicle immediately before and immediately after the damage, but may also recover the loss of the use of the vehicle for such reasonable period of time as is necessary to make the repairs.
Accord Robbins Motor Transportation, Inc. v. Key GMC Truck Sales,Inc. (1978), 56 Ohio App.2d 165, 166-167, wherein the court stated:
 When a vehicle has been negligently damaged in part and is capable of being repaired within a reasonable period of time, the owner may recover two elements of damage: the loss in value (measured by the difference in value of the vehicle immediately before and immediately after the damage); and the loss of the use of the vehicle for such reasonable period of time as is necessary to make the repairs (measured by the reasonable rental value of a vehicle of like kind). Hayes Freight Lines, Inc. v. Tarver (1947), 148 Ohio St. 82, 73 N.E.2d 192; Perry v. Harris (1964), 95 Ohio Law Abs. 21, 197 N.E.2d 416. It is reversible error to use the gross earnings of the damaged vehicle or the reasonable value to the owner himself. Cincinnati Traction Co. v. Feldkamp (1924), 19 Ohio App. 421; Pettijohn v. Clark (1971), 28 Ohio App.2d 312, 277 N.E.2d 455. All additional expenses caused by the wrongful negligence and ascertainable with reasonable certainty are also to be considered, under the general principle that the injured party shall have sufficient compensation for the injuries as to make him whole. See the awards of such additional expenses in Lyle v. Seller (1924), 70 Cal.App. 300, 233 P. 345; Loret v. Armour Co. (La.App. 1947), 32 So.2d 55; Vining v. Smith (1952), 213 Miss. 850, 58 So.2d 34. (Emphasis added).
In Wood v. Elzoheary (1983), 11 Ohio App.3d 27, 29, this court observed that proof that claimed expenses were "reasonably necessary is part of the claimant's burden to show that the liability event proximately caused the claimed damage."
In this instance, plaintiff moved for summary judgment and asserted that it was entitled to full recovery of the $1,300.43 for the use of a rental car because this expense was incurred as the result of defendant's admitted negligence. Nonetheless, plaintiff, in seeking the recovery of its rental car expenses, has the burden of demonstrating that these expenses were reasonable. Further, as movant, plaintiff was required to demonstrate the absence of any genuine issue of material fact. In this instance, plaintiff offered no evidence as to reasonableness. Defendant, the nonmoving party, does not have the burden of production at trial, and in opposition to plaintiff's motion, defendant noted that plaintiff had failed to submit any proof that the claimed rental car expenses were reasonable. Defendant therefore demonstrated that there was a genuine issue of material fact as to the reasonableness of the expenses. Further, the trial court had previously noted that the rental car expenses portion of plaintiff's requested damages represented sixty-four days (64) of rental, a length of time which at least suggests the possibility of unreasonableness. In accordance with the foregoing, plaintiff was not entitled to summary judgment and the trial court erred in awarding plaintiff all of its requested rental fee damages. This assignment of error is well-taken.
Defendant's second assignment of error states:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER INSTANTER AND DENIED DEFENDANT-APPELLANT THE OPPORTUNITY TO PLEAD THE AFFIRMATIVE DEFENSE OF MITIGATION OF DAMAGES.
Within this assignment of error, defendant asserts that the trial court abused its discretion when it denied her permission to file an amended answer in order to assert the affirmative defense of failure to mitigate damages in connection with the rental car expenses.
In the previous assignment of error, we determined that plaintiff, as the movant and the party with the burden of proof, wholly failed to present evidence to demonstrate the absence of a genuine issue of material fact as to the reasonableness of the requested damages. This assignment of error is therefore moot. Accordingly, we will not address it herein. App.R. 12(A)(1)(c).
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., AND PATRICIA A. BLACKMON, J., CONCUR.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE