QUEEN INCUBATOR CO. *v.* THE MERRELL CO.

*Contracts—Express and implied—Charge to jury thereon not prejudicial, when—Sales—Breach of contract by seller to deliver goods—Measure of damages—Buyer entitled to loss of profits on orders taken—Sections 8447 and 8450, General Code—Loss of profits recoverable by buyer, when.*

1. Where undisputed evidence showed contract as claimed by the defendant was in fact entered into, there was no error, prejudicial to the plaintiff, in charging law of express and implied contracts.

2. Where seller broke his contract to deliver brooder stoves, and buyer suffered loss of profits on sale, on orders which it had taken, buyer, if entitled to recover, might recover for loss of profits notwithstanding Sections 8447 and 8450, General Code.

3. Where loss of profits directly and naturally results in ordinary course of events from seller's breach of sale contract, and such loss may reasonably be supposed to have been within contemplation of parties when contract was made, and profits are shown with reasonable certainty, loss of profits may be recovered.

(Decided January 11, 1926.)

ERROR:   Court of Appeals for Lucas county.

*Mr. Lewis B. Hall* and *Mr. Orion W. Nelson,* for plaintiff in error.

*Messrs. Taber, Chittenden, Northup & Daniells,* for defendant in error.

WILLIAMS, J.   In this error proceeding, the parties occupy the same respective positions as in the court below, and will be referred to as the plaintiff and defendant.

Plaintiff brought an action in the court of common pleas of Lucas county to recover the purchase price of 25 brooder stoves. Upon trial, it was conceded that the plaintiff had a right to recover therefor, and the finding of the jury is for the full amount of the plaintiff's claim upon the petition. The defendant, however, filed a cross-petition in which it set forth that the plaintiff and defendant had entered into a contract by which the plaintiff agreed to furnish all incubators and brooders of the Queen line sold by the defendant in certain territory for the seasons of 1922 and 1923; that, relying upon said contract, the defendant secured orders from its customers in a named amount; that the plaintiff broke its contract and refused to deliver the goods so sold by the defendant; and that thereby defendant suffered a loss of profits on such sales amounting to $909.06. Issue was joined upon the cross-petition of the defendant, and the jury found thereon in favor of the defendant in the sum of $850. The court, after the verdict was returned, entered judgment in favor of the defendant for $449.69, which was the difference between the amount recovered by the plaintiff on the petition and that recovered by the defendant on the cross-petition. This proceeding in error is brought to reverse that judgment.

Plaintiff complains of the rulings of the court below on certain dilatory pleadings. Upon an examination of the record, we find that there was no prejudicial error in such rulings.

Plaintiff also claims that the court below erred in its charge to the jury upon the law relating to contracts, and especially upon that relating to

implied contracts. While the court did unnecessarily cover the law relating to implied contracts, there could be no prejudicial error in charging the law as to either express or implied contracts, for the reason that, under the undisputed evidence in this case, it appears that the contract, as claimed by the defendant, was in fact entered into between the parties, and the court might well have made a statement to that effect to the jury.

The plaintiff further claims that the court erred in charging the jury that the defendant, if entitled to recover on the issues made on the cross-petition, might recover for loss of profits.

Under Section 8447, General Code, in actions by the buyer, where the seller wrongfully refuses to deliver the goods and title does not pass, the measure of damages is the loss directly and naturally resulting in the ordinary course of events from the seller's breach .of the contract. That section further provides that, where there is an available market, the buyer may, in the absence of special circumstances showing proximate damages of a greater amount, recover the difference between the contract price and the market or current price of the goods at the time and place of delivery. Under Section 8450, General Code, it is provided that nothing in the chapter on sales shall affect the right of the buyer to recover special damages in any case where, under the law, special damages are recoverable.

As we construe these sections, they do not prohibit a recovery for loss of profits where the case is a proper one for the recovery of such profits. The rule is that where, in the breach of a con-

tract of sale, loss of profits directly and naturally results in the ordinary course of events from the seller's breach of the contract, and such loss of profits as a result of such breach may reasonably be supposed to have been within the contemplation of the parties when the contract was made, and such profits are shown with a reasonable degree of certainty, such loss of profits may be the basis of recovery. We call attention to 8 Ruling Case Law, 501, Section 62, where the authorities upon this subject are collected. The evidence in this case shows it to be one which warranted the trial judge in charging the law as to loss of profits as the measure of damages, and there was no prejudicial error in so doing.

We find that there was no reversible error upon the trial of the case, and that substantial justice was done between the parties. The judgment will therefore be affirmed.

*Judgment affirmed.*

RICHARDS and YOUNG, JJ., concur.