COMMISSIONER OF INTERNAL REVE-NUE, Petitioner, v. LANSING COMMUNI-TY HOTEL CORPORATION, Respondent.

No. 11221.

United States Court of Appeals
Sixth Circuit.

Feb. 8, 1951.

Theron L. Caudle, Charles Oliphant, Ellis N. Slack, Charles E. Lowery, all of Washington, D. C., Virginia Adams, Washington, D. C., for petitioner.

Charles E. Ecker, Lansing, Mich., and R. M. O'Hara, Detroit, Mich., for respondent.

Before ALLEN, McALLISTER, and MILLER, Circuit Judges.

PER CURIAM.

The above cause coming on to be heard upon the transcript of the record, the briefs of the parties, and the arguments of counsel, and the court being duly advised,

Now, therefore, it is ordered, adjudged, and decreed that the decision herein reviewed be and is hereby affirmed in accordance with the opinion of the Tax Court of the United States. 14 T.C. 183.

DUPLEX MILL & MANUFACTURING COMPANY, Springfield, Ohio, Appellant, v. B. J. GROSS, dba Gross Feed Store, Bonham, Texas, Appellee.

No. 11219.

United States Court of Appeals
Sixth Circuit.

Feb. 9, 1951.

John M. Cole, Fred M. Cole, and George W. Cole, all of Springfield, Ohio, for appellant.

Buster Cole, Bonham, Tex., Corry, Durfey, Martin & Browne, and Bitner Browne, all of Springfield, Ohio, for appellee.

Before SIMONS, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This appeal was heard on the record, briefs and argument of counsel for respective parties;

And it appearing that there was substantial evidence on behalf of the appellee of the cost of 19,798 bushels of ear corn, purchased and then resold by him without shelling by reason of appellant's breach of contract, namely $1.95 per bushel, and the cost to appellee of 15 cents per bushel to shell corn so purchased, and a firm unlimited market sales price of $2.40 per bushel for corn so shelled by him, resulting in a loss of profits in the amount of $5,939.40 resulting from the failure of appellant to deliver the corn sheller purchased by appellee; and also substantial evidence on his behalf of his ability to have purchased, shelled and marketed on the same basis additional corn to utilize the full capacity of the sheller; and also substantial evidence of loss or damage to the good will of appellee's business;

And such lost profits appearing to have been within the contemplation of the parties when the contract was made as the probable result of its breach, and having been shown with a reasonable degree of certainty from the evidence; The Cincinnati Siemens Lungren Gas Illuminating Co. v. The Western Siemens-Lungren Co., 152 U.S. 200, 14 S.Ct. 523, 38 L.Ed. 411; Jaynes v. Vetel, Ohio App., 80 N.E.2d 621; Queen Incubator Co. v. Merrell Co., 21 Ohio App. 482, 153 N.E. 272;

And it further appearing that there was no error in the charge of the Court to the jury on said issues;

It is ordered that the judgment of the District Court be affirmed.