ROBBINS MOTOR TRANSPORTATION, INC., APPELLEE, v. KEY GMC TRUCK SALES, INC., APPELLANT.

(No. C-76869—Decided March 8, 1978.)

*Mr. Robert L. Davis* and *Mr. George S. Maxwell*, for appellee.

*Mr. Anthony J. DeCenso*, for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, and the transcript of the proceedings, the briefs and the arguments of counsel.

Plaintiff-appellee recovered a judgment in a trial without a jury against defendant-appellant for defective repairs made to a diesel engine used in appellee's long-haul tractor-trailer. The damages awarded to appellee were comprised of three items, as follows:

A. Shortening of engine life and reduction of trade-in value of the tractor                                    $3,500

B. Travel expenses and payment of wages to appellant's driver when breakdowns occurred           $ 450

C. "Down time" or loss of use of the tractor, ("computed approximately") four (4) weeks at net earnings of $1,000 per week                                            $4,000

Total Damages                     $7,950

Appellant assigns three errors in awarding these damages, directing them *seriatim* at the above three items.

An underlying question was not raised specifically by any assignment, although it was argued by appellant in his brief and in oral argument: whether appellee proved that appellant was negligent and that this negligence was the proximate cause of appellee's damages. Because the failure to prove negligence or proximate cause, or both, would constitute prejudicial error in a judgment awarding any damages whatsoever, we have considered this underlying question. We conclude from the record that the trial court's following findings are supported by sufficient evidence of probative force: that the repairs made by appellee were improperly made and defective, and that this resulted in shortening the usable life of the diesel engine and in causing "down time" of the vehicle. Therefore, it was established at the trial that appellee was damaged by appellant's negligence.

However, we find error in the measures of damage used by the court. When a vehicle has been negligently

damaged in part and is capable of being repaired within a reasonable period of time, the owner may recover two elements of damage: the loss in value (measured by the difference in value of the vehicle immediately before and immediately after the damage); and the loss of the use of the vehicle for such reasonable period of time as is necessary to make the repairs (measured by the reasonable rental value of a vehicle of like kind). *Hayes Freight Lines, Inc.* v. *Tarver* (1947), 148 Ohio St. 82; *Perry* v. *Harris* (1964), 95 Ohio Law Abs. 21, 197 N. E. 2d 416. It is reversible error to use the gross earnings of the damaged vehicle or the reasonable value to the owner himself. *Cincinnati Traction Co.* v. *Feldkamp* (1924), 19 Ohio App. 421; *Pettijohn* v. *Clark* (1971), 28 Ohio App. 2d 312. All additional expenses caused by the wrongful negligence and ascertainable with reasonable certainty are also to be considered, under the general principle that the injured party shall have sufficient compensation for the injuries as to make him whole. See the awards of such additional expenses in *Lyle* v. *Seller* (1924), 70 Cal. App. 300, 233 P. 345; *Loret* v. *Armour & Co.* (La. App. 1947), 32 So. 2d 55; *Vining* v. *Smith* (1952), 213 Miss. 850, 58 So. 2d 34.

The errors in the instant case are: The use of a reduced trade-in value of the vehicle two years after the defective repairs; the use of gross weekly income from the vehicle, reduced by an unknown factor; the absence of any foundation for the award of the "additional" travel expenses of the driver (such as, a showing that the driver's wages were paid by appellant either above and beyond normal pay or without any commensurate benefit to appellant).

Accordingly, we find the assignments of error are well taken and we reverse the judgment below and remand this cause for the determination of damages pursuant to law.

*Judgment reversed and cause remanded.*

PALMER, P. J., KEEFE and BLACK, JJ., concur.