ACE VENDING COMPANY, APPELLEE, *v.* DAVIDSON, APPELLANT.

(No. 762—Decided December 30, 1982.)

Mr. John Hoppers, for appellee.
Mr. Fred L. Scurry, for appellant.

Per Curiam. This cause came on to be heard upon an appeal from the Court of Common Pleas of Madison County.

The appellee, Ace Vending Co., brought an action for replevin against the appellant, Sonny Davidson, to recover possession of certain vending machines, specifically, a cigarette machine, a jukebox, a pinball machine, a billiard table, and a foosball table. The appellee also sought damages for loss of profits caused by the appellant's unlawful detention of the machines. Appellant filed a counterclaim against the appellee for expenses incurred in the moving and storage of the vending machines.

The case was heard without a jury and the trial court, in addition to issuing the writ of replevin to recover the vending machines, rendered a verdict in favor of the appellee for loss of profits in the amount of $3,942.10. Further, the trial court rendered a verdict in favor of the appellant on his counterclaim in the aggregate amount of $395. The appellant now appeals the trial court's judgment. The facts leading to this appeal are briefly stated below.

The appellee, Ace Vending Co., entered into a written contract with Michael's Pizza, a lessee of the appellant, whereby the pizzeria allowed the appellee to place its vending machines in its establishment in exchange for a share of the revenues generated by the machines. Shortly thereafter, the pizzeria terminated its operation and vacated the premises. When the appellee subsequently sought to recover possession of the vending machines, the appellant, the owner of the premises, refused to return the machines until the appellee had paid a storage fee. The appellee refused to pay the fee and the instant litigation was commenced.

On appeal, the appellant makes the following single assignment of error:

"The trial court erred in its award of damages herein; the evidentiary basis for the measurement of the plaintiff's damages being too uncertain and speculative."

The recovery of damages for lost profits is subject to the general rule that the damages must be shown with reasonable certainty. Queen Incubator Co. v. Merrell Co. (1926), 21 Ohio App. 482. After a careful review of this record, we believe that the appellee has failed to prove with reasonable certainty its damages for loss of profits.

At trial, the appellee's proof of damages for lost profits consisted primarily of the testimony of its office manager, Gerald Price, who testified to the amount of earnings generated by the vending machines at the pizzeria for the two months prior to its closing. On the basis of this data, Price calculated the average weekly revenues which the machines would have earned at the pizzeria during the time the machines were unlawfully detained by the appellant. In this way, Price was able to calculate an amount of damages sufficient to compensate the appellee for its loss of profits.

In this case, the lost profits, if any, consist of those profits which the appellee would have earned had the machines not been unlawfully detained by the appellant. In this regard, the evidence clearly shows that even if the vending machines had

been returned to the appellee, the appellee would not have earned any profits at the pizzeria since the pizzeria was no longer in business. Thus, the determination of loss of profits on the basis of what the machines would have earned at the pizzeria bears no rational relationship to what appellee would have actually earned had the vending machines not been unlawfully withheld by the appellant. Thus, in order to properly prove loss of profits, the appellee should have shown, *with reasonable certainty,* an amount of lost profits which the appellee would have earned at another location had the machines been returned and used. In this regard, the appellee must show the availability of another location where the machines could have earned a profit, the amount of profits, and the unavailability of similar machines in appellee's inventory capable of earning profits in place of the detained machines. Obviously, had appellee had other machines in inventory similar to the detained machines and capable of earning comparable profits at the other available location, appellee would not have suffered lost profits, though appellee may be entitled to expenses incurred in taking the machines from inventory and placing them at the location. In the absence of such evidence, appellee's award for lost profits must fail.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and remanded for further proceedings.

*Judgment reversed and cause remanded.*

HENDRICKSON, P.J., and KOEHLER, J., concur.

JONES, J., concurs separately.

JONES, J., concurring. I concur with my brothers that the judgment must be reversed, but for somewhat different reasons. In my opinion, it is impossible to measure appellee's damages by utilizing the "lost profits" concept. The general rule has long been that determining damages by showing lost profits is much too speculative. While there are exceptions to such general rule, such exceptions do not appear to be present in the case *sub judice.* In this case, the vending machines could not have produced a profit for anyone, absent the efforts of the owner of the establishment wherein the machines were located. Obviously, if the pizzeria had been located next to a high school, and if the owner had kept his establishment open for business for twenty-four hours each day, both the owner of the pizzeria and the owner of the machines would have profited. Nevertheless, such profits would still have been attributable to the diligence of the owner of the establishment, its location, and a number of other factors. There is nothing sacred about a foosball table, such as to make it capable of independently making a profit, absent the efforts of the proprietor making it available to the public. Essentially there is no difference between a vending machine and any other type of equipment, such as an automobile. Can it be argued that the owner of a limousine delivery service would be entitled to his loss of profits in renting the limousine to others under facts similar to this case? I think not. A better measure of damages would be the fair market value, on a rental basis, of the equipment in question. Almost every piece of equipment has a fair market rental value, which can be readily determined by the cost of renting the equipment from the dealer or manufacturer. In the event the equipment cannot be leased, except in those situations where the equipment is unique, its fair market rental value can be determined by simply capitalizing the cost. In summary, if the trial court found that the equipment was wrongfully withheld, the owner of the equipment should be entitled to recover a fair market rental

value during the period of its wrongful detention, as well as legal fees and related expenses.