NOLEN, Appellant,

v.

STANDARD OIL COMPANY, Appellee.

[Cite as *Nolen v. Standard Oil Co.* (1989), 63 Ohio App.3d 746.]

Court of Appeals of Ohio,
Fayette County.

CA88–12–018.

Decided Aug. 14, 1989.

*Jeffery P. Baker,* for appellant.

*Earl, Warburton, Adams & Davis* and *Andrew S. Adams,* for appellee.

*Per Curiam.*

Plaintiff-appellant, James Nolen, appeals from a dismissal of his claim against defendant-appellee, the Standard Oil Company, for the negligent repair of his 1980 Peterbilt truck.

The case was tried without a jury before the Fayette County Court of Common Pleas. At the close of Nolen's evidence, the trial court dismissed pursuant to Civ.R. 41(B)(2) on the grounds that Nolen had shown no right to

relief on the facts and law. The trial court based this decision upon Nolen's inability to produce a certificate of title as proof of ownership of the truck and upon Nolen's failure to establish damages.

The facts show that Nolen is a truck driver who in 1985 was an independent owner/operator. Nolen purchased his truck under a retail installment contract in January 1985 and was obligated to pay $695 per month to the Navistar Financial Corporation which held a security interest in the truck. On December 6, 1985, Nolen took his truck to the Standard Oil truck stop at U.S. Route 35 and Interstate 71 for repair. The repair required replacement of a brass fitting on the hydraulic system of the cab. In order to effect the repair, it was necessary for Standard's mechanic to lift the cab to expose the inner workings. When the mechanic was unable to do so with the equipment available, a tow truck was called in to pull up on the cab. Nolen watched as this was done and warned the tow truck operator that to force the cab in this way would twist its frame. His warning went unheeded and the truck sustained extensive damage and had to be towed to a truck dealer in Columbus for repair. Standard Oil presented Nolen with a bill for $280.47. Nolen refused to pay the tow truck portion of the bill.

While the truck was being repaired in Columbus, Nolen rented a replacement vehicle and attempted to continue his business. He testified that when he went to pick up his own truck, it had not been repaired to his satisfaction and so he left it with the dealer for further work. However, he was at that time several months behind on his installment payments and, while the truck was at the dealer, Navistar repossessed it. Nolen was then forced to abandon his independent owner/operator status due to the expense of renting a truck and the loss of his own vehicle and, at the time of trial, was a driver for a freight carrier.

Appellant presents two assignments of error:

First Assignment of Error:

"The trial court erred in granting defendant-appellees' motion to dismiss at the close of plaintiff's case in that defendant-appellee showed proof of ownership of the motor vehicle."

Second Assignment of Error:

"The trial court erred in granting defendant-appellees [sic] motion to dismiss at the close of plaintiff-appellant's case in that the court failed to consider damages appellant incurred incident to appellee's negligent repair of his vehicle."

We agree with Nolen that the trial court improperly found insufficient proof of ownership. The trial court relied upon R.C. 4505.04(B)(1) in determining

that only a certificate of title would show ownership sufficient to sustain an action for damage to a motor vehicle. That statute states, in part:

"(B) * * * [N]o court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgage or encumbered, unless evidenced:

"(1) By a certificate of title, a manufacturer's or importer's certificate, or a certified receipt of title cancellation to an exported motor vehicle issued in accordance with sections 4505.01 to 4505.19 of the Revised Code; * * *."

The Ohio Supreme Court has recently interpreted R.C. 4505.04 to be limited to actions involving "importation of vehicles, rights as between lienholders, rights of bona-fide purchasers, and instruments evidencing title and ownership." *Smith v. Nationwide Mut. Ins. Co.* (1988), 37 Ohio St.3d 150, 153, 524 N.E.2d 507, 509. In all other cases, the court determined the Uniform Commercial Code would govern. *Id.* In cases where ownership of a vehicle is at issue and R.C. 4505.04 does not apply, this court has looked to R.C. 1302.42, which states that "unless the parties explicitly agree otherwise, title passes to the buyer upon delivery." *Commercial Union Ins. Co. v. General Motors Acceptance Corp.* (Aug. 8, 1988), Warren App. No. CA87–10–086, unreported, 1988 WL 82404. See, also, *Wiley v. Progressive Cas. Ins. Co.* (Aug. 1, 1988), Butler App. No. CA88–02–016, unreported, 1988 WL 80473; and *Sparks v. Prater* (Mar. 20, 1989), Butler App. No. CA88–09–133, unreported, 1989 WL 25567.

In the case at bar, Nolen did not need to produce a certificate of title in order to maintain his action. His bill of sale in the form of a retail installment contract, in combination with possession of the truck at the time of the incident giving rise to the claim, established a sufficient interest in the vehicle. We therefore sustain Nolen's first assignment of error.

In his second assignment of error, Nolen challenges the trial court's finding that damages have not been properly established. Specifically, Nolen asserts that the damage to the truck resulted in its ultimate loss due to repossession, which in turn put an end to his independent status as an owner/operator.

Where a damaged vehicle is capable of being repaired, the measure of damages is the loss in value and the loss of use of the vehicle during the time of repair. *Robbins Motor Transportation v. Key GMC Truck Sales* (1978), 56 Ohio App.2d 165, 167, 10 O.O.3d 184, 185, 381 N.E.2d 1329, 1331. Incidental damages are also recoverable where they are "ascertainable with reasonable certainty." *Id.* While lost profits and related claims may be recoverable as incidental damages, such damages are usually so speculative as

to preclude their award. *Ace Vending Co. v. Davidson* (1982), 8 Ohio App.3d 328, 330, 8 OBR 438, 440, 457 N.E.2d 341, 343 (Jones, J., concurring).

In his appeal, Nolen asserts that he suffered damages in the form of "loss of income, loss of equity in the vehicle, cost of leasing a replacement vehicle, and loss of his ability to operate his own business." In *Durrough v. Foster* (Jan. 29, 1982), Butler App. No. CA80–08–087, unreported, 1982 WL 6019, this court upheld an award of damages to a truck driver for lost income where he testified "to his expenses and arrived at a figure that represented his net profit per day."

The requirement that damages be ascertainable with reasonable certainty places a burden on a party attempting to establish incidental damages for negligent repair of a vehicle to show precisely what loss was incurred. However, in the instant action the court below failed to determine or measure Nolen's possible damages relying on the fact that ownership had apparently not been established. Therefore, we find that the lower court improperly prohibited evidence in connection with the damage aspect of this case on the assumption that the failure of Nolen to produce a certificate of title established non-ownership of the vehicle "per se."

In order for the damage portion of Nolen's claim to be properly adjudicated, this court hereby orders that this cause of action be remanded to the trial court for proceedings to determine the proper measure of any damage. Accordingly, Nolen's second assignment of error is sustained.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be and the same hereby is reversed and this cause remanded for further proceedings not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., KOEHLER and YOUNG, JJ., concur.