OPINION
{¶ 1} Auto Shop M.D., Inc. ("appellant') appeals the October 21, 2002 judgment entry of the Portage County Municipal Court, Ravenna Division, finding appellant liable to Julie Buck ("appellee") for damages to appellee's vehicle in the amount of $1,885.52. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} In January 2001, appellant serviced appellee's 1989 Ford F-150. Appellant replaced the water pump, front brake hoses, and front timing gasket, and added two gallons of antifreeze. In the process, appellant had to replace a bolt that was sheared off during the servicing of appellee's vehicle. Appellee paid appellant in full for these repairs.
 {¶ 3} Soon after receiving her vehicle, appellee noticed that the "check engine" light would frequently illuminate. Appellee contacted appellant and was informed to return the vehicle to appellant's garage. Appellee returned the vehicle to appellant on January 22, 2001. Appellant performed additional work on appellee's vehicle, including cleaning a valve, replacing an oil sending unit, and performing an oil change. Again, appellee paid appellant in full for these repairs.
 {¶ 4} On her way home from appellant's garage, appellee noticed the "check engine" light illuminating once again. She immediately stopped her vehicle and did not drive it any further. Appellee proceeded to contact Robert Derr ("Derr"), a mechanic from a Ford dealership who does side work out of his garage. Derr examined the vehicle and found severe damage to the engine. Derr, therefore, made extensive repairs to the engine, including assembly of the motor and replacement of various parts. The cost of the repairs was $2,030.52, including $245 for labor. Appellee paid Derr in full.
 {¶ 5} At the bench trial, Derr testified that the main bearing was worn and that dirt and antifreeze were present in the oil pan. Thus, the engine ran very low oil pressure and sustained damage. To repair the engine, Derr stated that he had to pull the engine and tear it down. Derr further testified that the type of repairs performed by appellant on the vehicle exposed the oil pan to dirt and antifreeze. In addition, Derr concluded, based on his experience and knowledge, that the cause of the damage to the engine was the presence of dirt and antifreeze in the oil pan.
 {¶ 6} As a result of the service performed on her vehicle, appellee periodically rented a vehicle for transportation.
 {¶ 7} After the conclusion of the bench trial, the trial court found appellant liable for the damage to the engine of appellee's vehicle. Because appellee's vehicle was "a high mileage vehicle that obviously was having problems," the trial court did not order appellant to pay appellee the full amount of the repairs. Rather, the trial court ordered appellant to pay appellee $1,885.52: $1,785.52 for the repairs and $100 for appellee's rental car charges.
 {¶ 8} Appellant timely commenced this appeal and asserts the following assignments or error:
 {¶ 9} "[1.] The trial court erred to the prejudice of the appellant when it issued a final judgment order with a computation of damages based solely on the court's opinion and also when it failed to elicit testimony regarding the worth of a used engine.
 {¶ 10} "[2.] The trial court erred to the prejudice of the appellant when it utilized a witness's testimony as that of an expert witness when an expert witness was not disclosed by the plaintiff and the defendant was not given notice of an expert witness."
 {¶ 11} In appellant's first assignment of error, it argues that the trial court "simply guessed" at the amount of damages that it ordered appellant to pay appellee. In essence, this contention challenges the trial court's calculation of damages as being against the manifest weight of the evidence.
 {¶ 12} Determination of damages is within the discretion of the trial court and will be sustained by a reviewing court unless the award is against the manifest weight of the evidence. Amerifirst Sav. Bank ofXenia v. Krug (1999), 136 Ohio App.3d 468, 487 (citation omitted). "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280; Krug,136 Ohio App.3d at 487. The weight to be given the evidence deduced at trial and the credibility of the witnesses is within the purview of the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 13} In order to be entitled to relief, a plaintiff bears the burden of proving the extent of the damages he or she sustained. ColumbusFin. Inc. v. Howard (1975), 42 Ohio St.2d 178, 184. Damages in cases involving personal property are "measured by the difference between the fair market value of the property immediately before the loss and the fair market value of the property immediately after the loss."Akro-Plastics v. Drake Indus. (1996), 115 Ohio App.3d 221, 226. When dealing with a damaged vehicle that is capable of being repaired, damages are measured by the loss in value to the vehicle and the loss of use of that vehicle. Nolen v. Standard Oil Co. (1989), 63 Ohio App.3d 746, 749, citing Robbins Motor Transp., Inc. v. Key GMC Truck Sales, Inc. (1978),56 Ohio App.2d 165, 167.
 {¶ 14} Although the difference in market values before and after the damage is the usual method of measuring damages, the cost of repair is an acceptable alternative method in computing damages. Welsh v.Yoshida, 11th Dist. No. 2001-L-033, 2002-Ohio-1954, 2002 Ohio App. LEXIS 1907, at * 11 (citation omitted). Consequently, when no evidence is presented concerning the difference in market values of a vehicle immediately before and immediately after sustaining damage, computing damages based on the cost of repair, alone, is a suitable secondary method of affixing damages. Id. at *13-*14 (citation omitted).
 {¶ 15} Further, "where pecuniary damage does exist, evidence of the exact amount of the difference of value is not necessarily required."Starinski v. Pace (1987), 41 Ohio App.3d 200, 202. "When the market value of personal property can not be feasibly ascertained, a court must resort to a more elastic standard. The standard is more elastic because the court must attempt to take into account the value of the property to the owner by examining such factors as the age, condition, original cost, and replacement value of the items." Horning v. Horning (Oct. 8, 1999), 11th Dist. No. 98-P-0082, 1999 Ohio App. LEXIS 4798, at *6, citing Cooper v.Feeney (1986), 34 Ohio App.3d 282, 283-284. Thus, if the market value of property is not ascertainable and if a plaintiff sustains his or her burden in proving that he or she was damaged, the plaintiff has a right to have the trier of fact establish the amount of damages. Starinski,41 Ohio App.3d at 202.
 {¶ 16} In this case, the trial court did not abuse its discretion in using a method other than the usual approach for computing damages. The difference in the market value of a vehicle with a working motor and the market value of that vehicle without a working motor would not be a fair indicator of the amount of damage sustained to the motor. Further, measuring the damage to the motor by the difference in the market value of the motor before and after the damage would not be feasible because the value of the motor prior to and after the damage is not ascertainable. Moreover, since there was no evidence proffered regarding the market value of the vehicle, the trial court could have computed damages based on the cost of repairs, alone. See Welsh, 2002 Ohio App. LEXIS 1907, at *13-*14 (citation omitted).
 {¶ 17} The trial court also did not abuse its discretion in utilizing the elastic standard to determine the amount of damage sustained to the vehicle's motor. Since the trial court was free to utilize the cost of repair, alone, to determine damages, in cases where market value is not ascertainable, such as this case, utilizing the cost of repair as a starting point in determining the amount of damages under the elastic standard is proper. The trial court, in this case, specifically noted the cost of repair, the year of the vehicle, that the motor had high mileage, and that it was having problems prior to being serviced by appellant. Thus, the trial court properly utilized the appellee's cost of repair as the starting point while considering the vehicle's age and condition in calculating the damages under the elastic standard.
 {¶ 18} Appellant relies on Horning in its argument that the trial court failed to provide this court with adequate reasons for the judgment amount. In Horning, we overruled the trial court's award of damages because the "trial court's failure to express its underlying rationale for this particular property award precludes this court from exercising meaningful appellate review." 1999 Ohio App. LEXIS 4798 at *8. The trial court in Horning simply indicated that the value of the damaged property was $100 without offering an "explanation as to how it arrived at the $100 figure or why it had discounted * * * the estimated replacement value." Id. at 5.
 {¶ 19} In this case, however, the trial court clearly indicated that it was reducing the appellee's cost of repair because of the age and the condition of the motor. Because the trial court has discretion to affix damages and because there was credible and competent evidence to support the amount of damages awarded by the trial court, this court will not question the trial court's final computation of damages. Thus, the trial court's award of damages is not against the manifest weight of the evidence.
 {¶ 20} For these reasons, appellant's first assignment of error is overruled.
 {¶ 21} In its second assignment of error, appellant argues that appellant was prejudiced by Derr's testimony because appellant was not given notice that Derr was to testify as an expert witness. Appellant further claims that Derr was not qualified to testify as an expert in this matter.
 {¶ 22} It must first be noted that appellant failed to object to Derr's testimony at trial. "[A[n appellate court will not consider any error which * * * [the complaining party] could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Glaros (1960),170 Ohio St. 471, paragraph one of the syllabus. Such errors are waived and cannot be raised upon appeal. Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 43.
 {¶ 23} Appellant claims that because appellant was not represented at trial, it "did not have the requisite knowledge to object to * * * Derr's testimony when it became clear that he was giving expert testimony." "Litigants who choose to proceed pro se[, however,] are presumed to know the law and correct procedure, and are held to the same standards as other litigants." Yocum v. Means, 2nd Dist. No. 1576, 2002-Ohio-3803, at ¶ 20, citing Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363; see, also, Wallace v. Rocky River, 8th Dist. No. 80182, 2002-Ohio-3901, at ¶ 17 ("Although the appellant is a pro se litigant, she must still adhere to the basic tenets of civil procedure.").
 {¶ 24} In the absence of an objection, the trial court may rule evidence inadmissible to avoid plain error. Evid.R. 103(D). Evidentiary rulings, however, are within the discretion of the trial court and such rulings will not be overruled absent an abuse of discretion. State v.Long (1978), 53 Ohio St.2d 91, 98. An abuse of discretion consists of more than an error of law or judgment, rather it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169 (citation omitted). Moreover, abuse of discretion renders "the result * * * palpably and grossly violative of fact and logic [so] that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins
(1984), 15 Ohio St.3d 164, 222 (citation omitted).
 {¶ 25} Expert testimony may be excluded if a party fails to identify the expert witness in response to an interrogatory that requests such an identification, see Vaught v. Cleveland Clinic Found.,98 Ohio St.3d 485, 2003-Ohio-2181, at ¶ 26; Shumaker v. Oliver B.Cannon Sons, Inc. (1986), 28 Ohio St.3d 367, 370, or local rules require parties to timely notify the other party of his or her intent to call an expert witness. See Krantz v. Schwartz (1992), 78 Ohio App.3d 759,763.
 {¶ 26} Upon review of the record, there is no indication that appellant ever submitted any interrogatories requesting identification of any expert witnesses appellee intended to call at trial, nor did appellant indicate in its brief that it had made such a request. Moreover, the Portage County Municipal Court's local rules do not require a party to notify the other party that an expert witness will be called at trial. Appellee, therefore, had no duty to inform appellant of her intention to introduce expert testimony at trial. Thus, as long as the trial court did not abuse its discretion in finding Derr qualified as an expert, his testimony would be admissible.
 {¶ 27} A witness may testify as an expert if the testimony relates to matters beyond the knowledge possessed by lay persons, proper foundation is laid to qualify the witness as an expert, and the testimony is based on reliable specialized information. Evid.R. 702. Moreover, to qualify as an expert witness, the witness must base his or her opinions on personal knowledge or facts shown by other admitted evidence. Kranerv. Coastal Tank Lines, Inc. (1971), 26 Ohio St.2d 59, 60 (citation omitted).
 {¶ 28} "[I]n all proceedings involving matters of a scientific, mechanical, professional, or other like nature, requiring special study, experience or observation not within the knowledge of laymen in general, expert opinion testimony is admissible to aid the court or the jury in arriving at a correct determination of the litigated issue." McKay Mach.Co. v. Rodman (1967), 11 Ohio St.2d 77, 81. Expert testimony is admissible even if it addresses the ultimate issue before the trier of fact. Id. at 81-82.
 {¶ 29} Testimony regarding mechanical repair to an automobile falls within Evid.R. 702's parameters. See Harold v. Joyner, 2nd Dist. No. 19137, 2002-Ohio-3808, at ¶ 13. Thus, if a foundation was properly laid qualifying Derr as an expert, his testimony concerning the source of the damage to appellee's vehicle would be admissible.
 {¶ 30} In this case, appellee elicited testimony from Derr regarding his experience and knowledge. Derr is a mechanic technician at a Ford dealership, where he has been employed for twenty years. From his experience as a mechanic technician, Derr has extensive experience with Ford vehicles, including engines. Further, as the mechanic who ultimately serviced appellee's engine, Derr's opinions were based on his personal knowledge and experience. Thus, this court finds that the trial court did not abuse its discretion in finding Derr qualified to testify as an expert witness in this matter. Derr's testimony was, therefore, admissible.
 {¶ 31} For these reasons, appellant's second assignment of error is overruled.
 {¶ 32} For the foregoing reasons, we conclude that there was credible and competent evidence to support the amount of damages the trial court awarded appellee. We further conclude that the trial court did not abuse its discretion in permitting Derr to testify as an expert in this matter. Thus, we hold that appellant's assignments of error are without merit. The decision of the Portage County Municipal Court, Ravenna Division, finding appellant liable to appellee in the amount of $1,885.52 is, hereby, affirmed.
Cynthia Westcott Rice, J., concurs.
WILLIAM M. O'NEILL, J., dissents with a dissenting opinion.