[Cite as *Mahadev Logistics, L.L.C. v. Columbus Truck & Equip. Ctrs., L.L.C.*, 2026-Ohio-1422.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| | |
|---|---|
| MAHADEV LOGISTICS, LLC | Case No. 25 CAE 10 0092 |
| Plaintiff - Appellant | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 25 CV C 04 0490 |
| COLUMBUS TRUCK & EQUIPMENT CENTERS, LLC | Judgment: Affirmed in part; Reversed in part; and Remanded |
| Defendant - Appellee | Date of Judgment Entry: April 20, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; David M. Gormley, Judges

**APPEARANCES:** Sanjay K. Bhatt, Bhatt Law Office, Ltd., for Plaintiff-Appellant; Christina L. Corl, Plunkett Cooney, for Defendant-Appellee.

*Hoffman, J.*

{¶1}  Plaintiff-appellant Mahadev Logistics LLC appeals the September 22, 2025 Judgment Entry entered by the Delaware County Court of Common Pleas, which granted, in part, its motion for default judgment.  Defendant-appellee is Columbus Truck & Equipment Centers, LLC.  We affirm, in part, and reverse, in part, the judgment of the trial court and remand the matter for further proceedings.

STATEMENT OF THE CASE AND FACTS

{¶2} On April 30, 2025, Appellant filed a complaint in the Delaware County Court of Common Pleas, asserting a claim of negligence related to the bailment of a 2015 Volvo truck. The complaint alleged Appellant brought the truck to Appellee's truck repair facility in Columbus, Ohio, on or about November 8, 2024, to have certain repairs done. Complaint at ¶ 7. On or about November 12, 2024, Appellant learned the truck had been stolen from Appellee's Columbus facility. *Id.* at ¶ 9. Three months after the truck was stolen, the Columbus Police Department notified Appellant the truck had been located. *Id.* at ¶ 12. The Columbus Police Department towed the truck to third-party storage facility. *Id.* at ¶ 13. As of the filing of the complaint, the truck remained at the storage facility, accruing daily storage charges. *Id.* at ¶¶ 13, 15. The truck was damaged upon being stolen. *Id.* at ¶ 14. Appellant had not had use of the truck since November 8, 2024. *Id.* at ¶ 16. Appellant attached to the complaint a copy of the estimate for the repairs to be performed on the truck while at Appellee's facility in the amount of $10,952.06, as well as the Columbus Police Department's preliminary investigation report.

{¶3} Appellee was served with the summons and complaint on May 7, 2025.[1] After Appellee failed to file an answer or otherwise plead, Appellant filed a motion for default judgment on September 17, 2025. Therein, Appellant repeated the facts set forth in the complaint. Appellant attached the affidavit of Verinder Dhaliwal in support of its request for damages in the amount of $115,451.48, which included $3,227.80 for payment

---

[1] In its motion for default judgment, Appellant states Appellee was served on May 4, 2025. Appellant attached to its motion a copy of the certified mail receipt confirming service. The date of receipt is May 7, 2025, however, the number 7 has a line through the middle making it look, at first glance, like the number 4.

to the towing company[2]; $9,767.52 for missing parts; $12,400.00 for repairs as a result of the damages; $56.16 for replacement keys; and $90,000.00 for lost profit for six months of non-use.

**{¶4}** Via Judgment Entry filed September 22, 2025, the trial court granted default judgment in favor of Appellant. The trial court found Appellee's failure to redeliver the truck at the conclusion of the bailment constituted a breach and Appellee was liable to Appellant for damages. However, the trial court awarded Appellant only $1,447.94 in damages, which the court calculated by subtracting the amount of the estimated repairs Appellee was originally hired to perform ($10,952.06) from the amount for repairs required after the truck was returned ($12,400.00). The trial court found the sole key for the truck was returned to Appellant pursuant to the preliminary investigation report.

**{¶5}** It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED IN THE CALCULATION OF DAMAGES AWARDED TO APPELLANT.

II. THE TRIAL COURT ERRED IN FAILING TO AWARD APPELLANT ITS TOWING EXPENSES, LOST INCOME.

---

[2] This figure includes towing and storage costs. In his affidavit, Dhaliwal stated the truck "was towed to a third-party storage facility and accrued "daily storage charges from the storage facility where it was towed by the Columbus Police Dept." Affidavit of Verinder Dhaliwal at ¶¶ 8 and 10.

**{¶6}** This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

**{¶7}** This appeal shall be considered in accordance with the aforementioned rule.

I

**{¶8}** In the first assignment of error, Appellant maintains the trial court erred in the calculation of damages awarded. We agree, in part, in as much as we are unable to decide all of the claimed damages without additional proceedings.

**{¶9}** "The general and accepted rule in bailment cases is that the bailee has two basic duties to the bailor: (1) he must exercise ordinary care in safeguarding the bailed property; and (2) he must return the bailed property, or the product thereof, undamaged." *Total Quality Logistics, LLC v. Balance Transp., LLC*, 2020-Ohio-620, ¶ 22 (12th Dist.). "If the bailee fails to redeliver the bailed property, he has breached both of these duties and is liable to the bailor, in tort and contract, for the value of the property." *Id.* "In order to establish a prima facie case, the bailor must prove: (1) the existence of a bailment contract; (2) the delivery of the bailed property to the bailee; and (3) the failure of the

bailee to redeliver the bailed property undamaged at the termination of the bailment." *Id.*, citing *Collins v. Click Camera & Video, Inc.*, 86 Ohio App.3d 826, 831 (2d Dist. 1993).

{¶10} Where bailed "property is recovered in a damaged condition after being lost or stolen, the general rule as to the measure of damage should be applied." *Maloney v. General Tire Sales, Inc.*, 34 Ohio App.2d 177, 184 (10th Dist. 1973). "Such rule is stated in 8 American Jurisprudence 2d 1221, Bailments, Section 334, as follows:

> 'Where, through negligence of the bailee, bailed property in his hands is injured, partially destroyed, or impaired in value, the bailor is entitled to recover such a sum as will reasonably compensate him for the injury sustained, and the damages recoverable are governed, speaking broadly, by the general rule that the measure of damages is the difference between the value of the property immediately before, and its value immediately after, it was damaged. * * *'

{¶11} *Id.*

{¶12} "The same general principles relating to the measure and elements of damages are applied in bailment cases. See 7 Ohio Jurisprudence 2d 156, Bailments, Section 49." *Id.*

{¶13} The trial court awarded Appellant $1,447.94. The trial court found:

> The truck was in [Appellee's] possession because it was in disrepair. The repairs required after return of the truck were $12,400.00, as plead by [Appellant] and supported by Dhaliwal's affidavit. [Appellee] estimated

parts and repairs to be $10,952.06. Therefore, the measure of [Appellant's] damages, related to the value of the truck before and after the damage sustained when stolen, total $1,447.94. The damages [Appellant] requested for towing, replacement keys, and lost profits are not available as a remedy because they are not related to the truck's value.

**{¶14}** September 22, 2025 Judgment Entry Granting in part Plaintiff's Motion for Default Judgment, pp. 2-3.

**{¶15}** We cannot determine whether the damage award "reasonably compensates" Appellant "for the injury sustained." The estimated repairs Appellee was originally hired to perform totaled $10,952.06. In his affidavit, Verinder Dhaliwal averred the truck incurred damages upon being stolen and the "[r]epairs *as a result of the damage*" totaled $12,400.00. Appellant suggests the $12,400.00 amount is in addition to the original repairs; therefore, the trial court should have included that full amount in the damage award. Appellant has not submitted any additional evidence to support this assertion.

**{¶16}** Appellant also alleged the truck needed parts totaling $9,767.52 to replace missing parts after the truck was stolen. The original estimate for repairs included $7,633.17 in parts. There is nothing in the record before this Court which reveals whether the missing parts after the theft were different from the parts needed for the original repair work. Further, the repair estimate figure of $10,952.00 included the $7,633.17 in parts. We do not have sufficient evidence to determine whether the $12,400.00 in repairs necessitated by the theft included some, all, or none of the parts needed to be replaced as contemplated in the original repair estimate.

{¶17} Because we are unable to ascertain what amount Appellant is entitled to for additional damages for repairs and additional replacement parts for the truck as a direct result of the theft as distinguished from when the truck was first delivered to Appellee, we reverse the trial court's damage award and remand the matter for a hearing to determine what, if any, additional damages should be included in the award. We do, however, find the trial court correctly determined Appellant was not entitled to the cost of replacement keys as Appellee returned the "sole key" to Appellant after the truck was stolen according to the City of Columbus preliminary investigation report. See September 22, 2025 Judgment Entry Granting in part Plaintiff's Motion for Default Judgment at p. 2.

{¶18} Appellant's first assignment of error is sustained.

II

{¶19} In the second assignment of error, Appellant contends the trial court erred in failing to award Appellant towing expenses and lost income.

{¶20} Appellant sought towing expenses in the amount of $3,227.80, which included the cost of towing the truck after it was recovered by the Columbus Police Department as well as the daily storage fees. In his affidavit, Dhaliwal did not specify what portion of the $3,227.80 figure represented the towing cost and what portion represented the storage fees. We find the actual towing cost is recoverable as incidental damage as a result of Appellee's breach of the bailment contract. However, we find the requested amount for storage expenses are not fully recoverable. We find Appellant is entitled to compensation for the storage fees which accrued up until the time the Columbus Police Department notified Appellant the truck had been recovered. Appellant is responsible for the charges associated with the period of time it knew the truck was being stored because

a benefit was conferred on Appellant. See, *Leesburg Fed. Sav. Bank v. McMurray*, 2012-Ohio-5435, ¶ 16 (12th Dist.).

**{¶21}** Appellant also sought damages for, inter alia, "lost profit from non-use of the Truck - $90,000." Motion for Default Judgment, p. 4. A plaintiff must demonstrate the existence of lost profits with reasonable certainty. *Digital & Analog Design Corp. v. North Supply Co.*, 44 Ohio St. 3d 36, 40 (1989). "While lost profits and related claims may be recoverable as incidental damages, such damages are usually so speculative as to preclude their award." *Nolen v. Standard Oil Co.*, 63 Ohio App.3d 746, 749-750 (12th Dist. 1989). Assuming, arguendo,[3] Appellant was entitled to damages for "lost profit for six months of non-use," we find Appellant failed to produce evidence demonstrating the existence of lost profits with reasonable certainty.

**{¶22}** Under Ohio law, a plaintiff may, in some situations, recover "lost use" damages. See, e.g., *Raze Int'l., Inc. v. Southeastern Equip. Co.*, 2016-Ohio-5700, ¶ 69 (7th Dist.). "Like lost profits, loss-of-use can be another part of consequential damages." (Citation omitted.) *Id*. In the context of a vehicle, a plaintiff may sometimes recover lost use damages for time when the vehicle is out-of-commission for repairs. *MCI Commc'n Servs. v. Barrett Paving Materials, Inc.*, 2012-Ohio-1700, ¶ 17 (1st Dist.). "Loss-of-use damages are measured by the reasonable rental cost of substitute property, if available, or the value of the use to the owner, as demonstrated by net value evidence." *Id*. at ¶ 17. "[W]hen an owner is deprived of the use of valuable property that can be replaced, the owner's loss-of-use damages equal the cost of renting substitute property: 'the expenses of hiring the property which he is forced to substitute for it.'" (Citations omitted.) *Id*. We

---

[3] We find it unnecessary to decide in this case whether lost profits are recoverable for breach of a bailment contract when property is stolen by a third party, but eventually recovered and returned to the owner.

note Appellant did not assert a "loss of use" allegation in its complaint and did not allege or aver it rented a substitute piece of equipment while the truck was out of commission. We conclude Appellant cannot seek to recoup any expenses as loss-of-use damages.

**{¶23}** Appellant's second assignment of error is sustained, in part, and overruled, in part.

**{¶24}** The judgment of the Delaware County Court of Common Pleas is affirmed, in part, and reversed, in part, and remanded for further proceedings consistent with this Opinion and the law.

**{¶25}** Costs to Appellee.


By: Hoffman, J.

King, P.J. and

Gormley, J. concur.